[Civ. No. 2884.    First Appellate District, Division Two.—November
18, 1919.]

# COUNTY OF ALAMEDA et al., Respondents, v. A. A. TIESLAU et al., Copartners, etc., Appellants.

[1] NEGLIGENCE—WHEN MATTER OF LAW.—It is only where reasonable men can draw but a single conclusion from the facts that courts may determine the question of negligence of either party as a matter of law.

[2] ID.—SUDDEN PERIL—ERROR IN JUDGMENT.—Where one is confronted with sudden peril, the fact that he errs in judgment, miscalculates the space in which he may move, or momentarily forgets and encounters another danger, does not necessarily warrant the conclusion of contributory negligence, because afterward it may appear he might have avoided both perils by choosing a different course.

[3] ID.—PROXIMATE CAUSE OF INJURY—PROOF.—In an action for damages for the death of a person alleged to have been due to the negligence of the defendants, the latter cannot be held liable unless their negligence was the proximate cause of the injury; and the burden of proving the defendants' negligence, if it is not admitted, and that it was the proximate cause of the injury, is upon the plaintiffs.    These rules, however, do not require demonstration of the connection between the proved or admitted facts and the resultant injury, but such connection may be made by circumstantial evidence.

[4] ID.—ACTION FOR DAMAGES—CONTRIBUTORY NEGLIGENCE OF DECEASED—EVIDENCE—INFERENCES.—In this action for damages for the death of a traffic officer while riding a motorcycle on a state highway in course of construction by the defendants under a contract with the state, which death was alleged to have been caused by the negligence of the defendants in placing and leaving on the highway piles of loose, crushed rock and not maintaining warning lights thereon, it could not be said as a matter of law that the deceased was guilty of contributory negligence, while from the facts proved the jury might properly have drawn the inference that the death was the result of the failure of the defendants to maintain lights on the rock pile.

2. Emergency as excuse for contributory negligence, notes, Ann. Cas. 1914D, 1217; 21 L. R. A. (N. S.) 654; 48 L. R. A. (N. S.) 628.

4. Recovery for injury from stationary obstruction in street as precluded by contributory negligence, note, Ann. Cas. 1913C, 535.

[5] ID.—INFERENCES—FINDINGS—PROVINCE OF COURT AND JURY—APPEAL.—It is the peculiar and exclusive province of the trial court or jury in the first instance to make a finding of fact based upon a reasonable inference drawn from facts proved with legal sufficiency, and the appellate court may set such a finding aside only when it is not sustained by adequate evidence.

[6] ID.—USE OF WARNING LIGHTS ON ADJOINING ROADWAY—CUSTOM. In an action for damages for the death of a person while riding a motorcycle on a state highway in course of construction, which death was alleged to have been caused by the negligence of the defendants in placing and leaving on the highway piles of loose, crushed rock and not maintaining warning lights thereon, a question concerning the use of lights on the adjoining section of roadway also under construction is improper where no custom regarding the use of warning lights is shown; furthermore, a custom involving negligence cannot excuse it.

[7] ID.—DUTY OF MOTORCYCLE RIDER—EXPERT TESTIMONY—ERROR.— In such an action it is proper to ask an expert motorcycle rider a hypothetical question concerning what such a rider should properly do on coming into sudden contact with a continuous pile of gravel such as involved in the case; but even though there were error in permitting such a question to be answered, it is not such as would warrant reversal if it does not appear that it resulted in a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Hartley F. Peart and Gus L. Baraty for Appellants.

Ezra W. Decoto, District Attorney, James M. Koford, Assistant District Attorney, Chas. Wade Snook, Deputy District Attorney, and Ostrander & Carey for Respondents.

BRITTAIN, J.—The defendants appeal from a judgment entered upon the verdict of a jury for five thousand dollars damages for the death of Harry B. Green, a traffic officer of the county of Alameda.   His death occurred in December, 1914, while riding a motorcycle on a state highway, then in course of construction by the defendants under a contract

---

7.   Competency of abstract question in examination of expert witness, note, 20 Ann. Cas. 207.

with the state. His widow received three thousand nine hundred dollars under the provisions of the Workmen's Compensation Act for herself and her minor children from the county of Alameda. The county, joined by the widow as administratrix, commenced this action, alleging the death was caused by the negligence of the contractors in placing and leaving on the highway numerous piles of loose gravel into one of which the motorcycle ran when its rider swerved to the right to prevent a collision with a horse-drawn vehicle approaching from the opposite direction. The accident occurred at night. It was also alleged that no lights or other means of warning were placed on or near the piles of gravel.

Under the contract with the state the concrete base of the roadway, eighteen feet wide, had been laid, and, by direction of the state department of engineering, the road had been opened to partial traffic. The contractors were to construct shoulders at the sides of the roadway, by filling in crushed stone, which was supplied but not hauled to the work by the department of engineering. Rains had softened the earth at the sides of the roadway and the state engineer had directed that the shoulders should not be constructed while the ground was in that condition. The contractors had received and hauled to the work the crushed rock and caused it to be dumped along the edges of and upon the concrete road surface, roughly in a continuous pile of varying width and depth on each side of the road. The depth of the piles of loose, crushed rock varied from four to seventeen inches and averaged about a foot. The edges of the two piles were irregular, and the clear space between them formed a sinuous way varying from a little less than twenty to a little less than fifteen feet wide.

There was evidence that after the accident the track of the motorcycle through the rock pile on the right-hand side of the road running from Hayward could be traced from a point where the roadway was about twelve feet wide for a distance of one hundred feet, more or less, to the place where the machine lay, some feet beyond where the rider was found. Near the place where the machine had skidded or slipped in the gravel the foot-plate and pedal from the left side of the motorcycle were found. Only one eye-witness of the accident was available, a boy aged twelve years at the time. His evidence was given at the trial two

years later.   He saw the headlight of the motorcycle approaching him.   A buggy without lights traveling in the opposite direction had passed him.   He said the buggy pulled out a little to the right when it got opposite Mr. Green, who fell off at that time.   After the accident unavailing search was made for the buggy and its driver. There were no lanterns, guards, or signs either on the gravel piles or at the entrance to the new work at the limits of Hayward, from which it was six-tenths of a mile to the point where the accident occurred.   There was an electric street light at the Hayward end of the road.   There was evidence that Green was riding at the rate of about twenty-five miles an hour, and that he had ridden over the road before the accident and after the gravel had been dumped.

The theory of the plaintiffs is that even though Green knew of the rock piles, in momentary forgetfulness of them when he was suddenly confronted with danger of collision with the buggy he swerved so far to the right that his machine ran into the loose rock and skidded so far to the side that the pedal and foot-rest were broken off by coming in contact with the broken rock, the machine finally throwing him and falling itself.   Further, that if lights had been placed on the rock piles at intervals, he could not have forgotten their presence, and would not have swerved so far to the right.   The appellants maintain that Green was guilty of contributory negligence; that there was no evidence of negligence on their part which proximately caused the death of Green; that the proximate cause of death was a collision between the motorcycle and another vehicle; that the court erred in matters of evidence and that the court erred in matters of instructions.

The theory of the appellants in regard to contributory negligence is that under the circumstances it was negligence as a matter of law for Green to ride over the road open for partial traffic only at the rate of speed at which he was going.   [1]   It is only where reasonable men can draw but a single conclusion from the facts that courts may determine the question of negligence of either party as a matter of law.   The appellants rely on the rule that where a traveler uses a defective highway with knowledge of its defects, and in reckless disregard of them, he may

not recover for injuries he may sustain, even though those charged with the duty of maintaining the road or warning signs or lights have been negligent. (*Brett* v. *Frank & Co.,* 153 Cal. 267, [94 Pac. 1051]; *McGraw* v. *Friend etc. Co.,* 120 Cal. 574, [52 Pac. 1004]; *Buckingham* v. *Commary-Peterson Co.,* 39 Cal. App. 154, [178 Pac. 318].) The latest of these cases is claimed by the defendants to have been decided on facts identical with those in this case, but upon comparison it proves, like so many of the "all-fours" cases of negligence, to have three or more of the fours missing. In that case the road was not open to traffic, and the evidence of the injured man and his companion was of such a character that the court of appeal of the third district very properly determined that reasonable men could draw but the conclusion that he was recklessly negligent. In the present case the road was open to traffic, the defendants were charged with the duty of maintaining warning lights upon the obstructions they had placed on the roadway. They provided lanterns which were not placed. The traffic officer was properly upon the road. He was confronted with a sudden danger. If the lights had been there he could not have forgotten and he might have seen the crooked outline of the rock pile. [2] Where one is confronted with sudden peril, the fact that he errs in judgment, miscalculates the space in which he may move, or momentarily forgets and encounters another danger, does not necessarily warrant the conclusion of contributory negligence because afterward it may appear he might have avoided both perils by choosing a different course. (*Harrington* v. *Los Angeles etc.,* 140 Cal. 514, [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15]; *Liverpool etc. Co.* v. *Southern Pacific Co.,* 125 Cal. 434, [58 Pac. 55]; *Hontz* v. *San Pedro etc. Co.,* 173 Cal. 750, [161 Pac. 971].) It is argued that the evidence shows Green had ridden over the road after the rock was scattered on it, but it does not appear when this was, nor that he knew the rock had not been removed. There are cases to the effect that one cannot be excused from contributory negligence by momentary forgetfulness of danger of which they are aware. (*Brett* v. *Frank,* 153 Cal. 267, [94 Pac. 1051]; *Giraudi* v. *Electric Imp. Co.,* 107 Cal. 120, [48 Am. St. Rep. 114, 28 L. R. A. 596, 40 Pac. 108].) These cases, however, have no application where without

fault the person charged with contributory negligence is faced with a sudden emergency of danger, in seeking to avoid which he may not act as he might have acted had time permitted calm deliberateness of choice and movement. In all such cases the rule of momentary forgetfulness may be applied under circumstances warranting it.   From all the facts it cannot be said that reasonable men might not have drawn different conclusions regarding Green's negligence or lack of it.   It cannot be said as a matter of law that he was guilty of contributory negligence.

The evidence shows that the state engineer ordered the work of constructing the shoulders of the sides of the road to be stopped.   There is no evidence concerning whether this order was given before or after the rock was distributed on the road.   Neither is there evidence that the rock was placed on the road at the time it was placed there under the direction of the state engineer.   In the absence of evidence on the subject, it cannot be assumed that the mere placing of the rock on the road was negligent.   The contract required the obstructions to be guarded or warning lights to be placed.   Warning lights were furnished by the defendants, but they were not placed on the continuous rock pile.   The defendants, of course, knew the road was open for traffic. The failure to place the lights on the road was negligence which is at least tacitly admitted by the argument on behalf of the appellants.   **[3]** Notwithstanding the negligence of the defendants, unless it was the proximate cause of the injury, they could not be held liable.   (*Oakland Bank* v. *Murfey*, 68 Cal. 455, [9 Pac. 843]; *Schwartz* v. *California Gas & Elec. Co.*, 163 Cal. 398, [125 Pac. 1044].)   The burden of proving the defendants' negligence, if it was not admitted, and that it was the proximate cause of the injury, was upon the plaintiffs.   (*Diamond* v. *Weyerhaeuser*, 178 Cal. 540, [174 Pac. 38]; *Trice* v. *Southern Pacific Co.*, 174 Cal. 89, [161 Pac. 1144].)   By proving the defendants' negligence without in some way fastening that negligence to the injury, a case is not made out.   (*Puckhaber* v. *Southern Pacific Co.*, 132 Cal. 363, [64 Pac. 480]; *Union etc. Co.* v. *San Francisco Gas etc. Co.*, 168 Cal. 58, [141 Pac. 807].) These rules, however, do not require demonstration of the connection between the proved or admitted negligence and the resultant injury.   It is not necessary that an eye-witness

44 Cal. App.—22

be produced to testify directly to the fact. The connection may be made by circumstantial evidence in the same way that any other fact can be so proved. In the present case the evidence shows that Green in riding along the road was suddenly confronted with a buggy being driven without lights. The buggy was near the middle of the road and Green swerved to the right unquestionably to avoid a collision. The track of his motorcycle through the pile of broken rock was subsequently traced. Were these facts sufficient to permit the jury to draw an inference that the injury to Green was the result of the failure of the defendants to maintain lights on the rock pile? An inference is a deduction which the reason of the jury makes from the facts proved. (Code Civ. Proc., sec. 1958.) It must be founded on a fact legally proved, and "on such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature. (Code Civ. Proc., sec. 1960.) [4] In this case the facts proved were the existence of the rock pile, the absence of lights, the necessity for Green to avoid the approaching buggy, the track of Green's machine through the rock pile, his broken machine, and the finding of his body at the end of the track through the rock pile. A consideration of the usual propensities of men would seem to warrant the inferences, first, that Green would have sought to avoid the collision; second, that he would not knowingly have run into a pile of loose rock from four to seventeen inches high, with an average depth of ten inches; third, that if the lights had been there, Green would have had his attention directed to the rock pile; and, fourth, that the subsequent injury to Green was from the skidding of the machine in the rock pile. As against these inferences, which seem reasonable, no other inference based upon any fact proved finds support. The appellants contend that the foot-plate and pedal of the motorcycle must have been broken off by a collision with the buggy. There is not the slightest evidence to indicate there was a collision with the buggy, and if there had been a collision of sufficient force to have broken the metal parts of the machine, it is not probable that the buggy would have been driven off so soon after the accident that all trace of it was lost.

Other inferences suggested are that Green may have lost control of his machine by reason of the breaking of the pedal and foot-plate, but a few minutes before the accident the machine had been inspected, and the evidence was that it was in perfect order. Green may have been stricken with sudden illness, mental or physical, but there is no fact in evidence upon which such inference could be rested. Even if other reasonable inferences based on proved facts might be drawn, they are such as must be drawn by the jury, and not by the appellate court. [5] ''If a finding of fact is based upon a reasonable inference, it is not within the power of this court to set it aside any more than it is within its power to set aside any other finding supported by sufficient legal evidence. For a finding of fact based upon a reasonable inference drawn from facts proved with legal sufficiency is as much and as completely as is any other finding of fact a finding based upon good and sufficient evidence. It is the peculiar and exclusive province of the trial court or jury in the first instance to make such finding of fact, and it is the especial right of every litigant to have all facts so determined by court or jury, this court sitting only to review the findings and being empowered to set them aside as matter of law only when not sustained by adequate evidence.'' (*Ryder* v. *Bamberger*, 172 Cal. 799, [158 Pac. 756].)

A witness for the defendants was asked certain questions as to what the contractors were required to do under the contract. On motion, the questions and answers were stricken out. It is contended that, in the absence of objection to the questions, the motion should have been denied. The defendants were not injured by the ruling. The contract was before the court; what it required was a question of law, not dependent upon the answers of the witness. [6] The same witness was asked concerning the use of lights on the adjoining section of roadway also under construction. The question was improper because no custom regarding the use of warning lights was shown, and a custom involving negligence could not excuse it. [7] An expert motorcycle rider was asked a hypothetical question concerning what such a rider should properly do on coming into sudden contact with a continuous pile of gravel such as that involved in this case. The objection was that it was not a question for ex-

pert testimony, that it did not include all the facts, and that it invaded the province of the jury. The question was proper, but even though there were error in permitting it to be answered, it was not such as would warrant reversal, in that it does not appear that it resulted in a miscarriage of justice. (Const., art. VI, sec. 4½.)

The exceptions to the instructions, even if well founded, are also within the rule requiring harmless error to be disregarded. The instructions as a whole were rather more favorable to the appellants than to the respondents, and they fully covered the law applicable to the case. It does not appear that any of the appellants' contentions in regard to the instructions are substantial.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.