[L. A. No. 14840.   In Bank.—February 28, 1935.]

LEONARD J. PETERSEN, Appellant, v. J. P. LEWIS, Respondent.

Ray W. Hays and Walter Sorenson for Appellant.

Conley, Conley & Conley, W. M. Conley, Philip Conley and Matthew Conley for Respondent.

WASTE, C. J.—This cause was transferred to this court for hearing after decision and judgment in the District Court of Appeal. The facts, so far as material here, are sufficiently and clearly stated in the opinion prepared by Mr. Justice Marks of that court, and are as follows:

"The plaintiff was very seriously injured in an automobile collision in or near the intersection of McCall avenue and Gaither street in the city of Selma. The accident occurred at about 5 o'clock on the afternoon of July 29, 1931. On motion of the defendant the trial court instructed the jury to return a verdict in his favor. Judgment was entered upon this verdict and this appeal followed.

"McCall avenue, which has a pavement twenty feet in width in its center and is forty feet between curbs, runs north and south, and Gaither street intersects it at right angles. In both directions from the intersection, McCall avenue runs through a 'residence district'. (Sec. 28½, Cal. Vehicle Act, 1929.) The intersection was an obstructed one where the driver of a vehicle approaching it did not have a clear and uninterrupted view of the traffic for a distance of two hundred feet on the intersecting street for the last one hundred feet of his approach to it. (Sec. 113, California Vehicle Act, 1929.) There were no 'turning markers' at the intersection.

"Just prior to the accident the defendant was driving his automobile, a coach with a two-wheel trailer attached, northerly on his right-hand side of McCall avenue at a lawful rate of speed. The coach was sixteen feet in length and the trailer ten and one-half feet long." The plaintiff was riding as a guest in an automobile driven by Sidney Jensen which was following the defendant's car north on McCall Avenue. Jensen was driving at a lawful rate of speed and on his own right-hand side of the street. About twenty feet south of the intersection defendant gave the arm signal for a left turn onto Gaither Street. "He started his left turn as soon as he reached the south line of Gaither street and

completed it without passing to the right of the center of the intersection, and then parked his vehicles on the north side of Gaither street just west of McCall avenue.

"The defendant testified that when he was about forty feet south of the intersection he saw a car about three hundred feet north of Gaither street, approaching on McCall avenue. When he reached the intersection, and about the time he started his left turn, he saw that it was about one hundred fifty feet from the intersection and was being driven at a speed of forty-five or more miles an hour. This car was being driven by Melvin Pelletier. The defendant proceeded with his turn at a speed of about ten miles an hour, and heard, but did not see, the collision between the Pelletier automobile and [the Jensen car] the one in which the plaintiff was riding. The defendant did not know a car was following him.

" . . . The plaintiff was so seriously injured in the accident that he had no recollection of it. Pelletier died the next morning. The plaintiff relied upon the testimony of Jensen for a description of the accident.

"Jensen testified that, with the plaintiff riding as his guest, he was following the Lewis car at a distance of about seventy-five feet in traveling north on McCall avenue; that Lewis reduced his speed before entering the intersection and that the Jensen car was about forty feet back of the Lewis trailer when Lewis started his left turn; that Jensen's view of the west half of McCall avenue was cut off by the body of the Lewis coach; that when Lewis had made sufficient of his left turn so that the coach body had crossed the center line of McCall avenue, Jensen saw the Pelletier automobile for the first time; that it was then on the west half of McCall avenue about twenty feet north of the north line of the intersection; that at that time the rear of the Lewis trailer had not crossed to the west side of the center line of McCall avenue; that such line passed under the trailer; that Pelletier was driving 'fast' and swerved his car sharply [to the left] onto the east side of McCall avenue and then swerved it sharply towards the center; that Jensen swerved his car to his right until his right wheels were off the pavement; that the Pelletier automobile struck the Jensen car on its right front and the injuries to plaintiff followed."

■ From this record it appears that Pelletier was driving his automobile at a rate of speed in excess of that permitted by section 113 of the California Vehicle Act as in effect at the time of the accident. It also as affirmatively appears that the defendant Lewis violated the provisions of section 129 of the California Vehicle Act in passing to the left of the center of the intersection, and of section 130 of the same act in failing to give the proper arm signal over the required space before commencing his left turn. It therefore must be conceded that both of these drivers were guilty of negligence *per se*. The driver of any vehicle upon a public highway, before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety. (California Vehicle Act, sec. 130.) The question on this appeal therefore resolves itself into this: Did the negligence of either of the drivers proximately contribute to the accident? So far as this cause is concerned, if the action of defendant Lewis was the proximate cause of the accident, the trial court was in error in granting the motion for a directed verdict.

■ The evidence here is direct and in no way circumstantial. On the established facts, we are of the opinion that the directed verdict was properly ordered. Notwithstanding the negligence *per se* of the defendant Lewis and the deceased Pelletier, we are not convinced that such negligence was the proximate cause of the injury. Such a conclusion can only be reached through surmise and speculation. The burden of proving that such negligence was the cause of the injury was upon the plaintiff. By proving the negligence of the defendant without in some way fastening that negligence to the injury, a case is not made out. (*County of Alameda* v. *Tieslau*, 44 Cal. App. 332, 337 [186 Pac. 398], and cases cited therein.) Assuming, only for argument, that Pelletier, who is not here to answer for himself, was negligent, and that his negligence may have been the proximate cause of the collision between the automobiles, and the resulting injury to the plaintiff, a careful analysis of the evidence and a thorough study of the details of the accident fail to show such a proximate or necessary connection between the negligence of the defendant Lewis and the happening of the accident as to render him liable for plain-

tiff's injuries. (*Puckhaber* v. *Southern Pacific Co.*, 132 Cal. 363, 364 et seq. [64 Pac. 480].) We deem unnecessary further citation of authorities on this rule of law so well established in this jurisdiction.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Thompson, J., and Preston, J., concurred.

SEAWELL, J., Dissenting.—I dissent.

It seems clear that the order of the District Court of Appeal, Fourth Appellate District, reversing the order of the superior court which directed the return of a verdict in favor of the defendant is sustained by the decisions of this court defining concurrent liability in personal negligence cases. The evidence in this case justifies the reversal of the order directing said verdict.

The facts are simple. The situs of the accident was within a residential section of the city of Selma at the intersection of McCall and Gaither Streets. McCall Street extends northerly and southerly. Gaither Street intersects it at right angles. Melvin Pelletier was traveling southerly on the right-hand side of said street approaching said intersecting street at a rate of speed estimated by the defendant at forty-five miles an hour and by another person who was less qualified to judge of said rate of speed at sixty miles per hour. Defendant Lewis was traveling northerly toward said intersecting street on the right-hand side of McCall Street. He was driving a Durant coach to which a trailer was attached. The coach and trailer measured twenty-seven feet in length. Plaintiff was the guest of Sid. Jensen, the latter being the owner and driver of a Ford coupe. Mr. Jensen had been following the defendant's car and trailer for some three or four blocks at a distance of about seventy-five feet behind said car and trailer, both going at an even speed of approximately fifteen miles per hour. The defendant, nevertheless, had not observed that anyone was behind. When within twenty feet of the southerly line of Gaither Street defendant, according to his own testimony, put out his hand indicating a left-hand turn. He then proceeded to turn to the left. This was a violation of the California Vehicle Act, section 130, 1931, which requires that a driver shall give the

proper signal continuously during the last fifty feet traveled by the vehicle before turning. Not only did the defendant fail to give the signal for the period required by law, but he admits that at the time he crossed the Gaither Street line and began to turn to the left and cut the intersection he did not take heed as to the position of the Pelletier car, which he had previously observed to be apparently one hundred and fifty feet north of the intersection and traveling at the rate of forty-five miles an hour or better, as against less than fifteen for defendant. The defendant again violated the California Vehicle Act by failing to pass to the right of the center of the intersection of said streets. He said he believed he could pass ahead of Pelletier safely. He had a clear view at all times of Pelletier's car, which was approaching the intersection at a rapid speed. Jensen's view was obstructed by the Lewis coach and trailer until it came within twenty feet of the Pelletier car immediately before the crash. The Pelletier car had been turned out of its course in order to avoid hitting the trailer which had not cleared the westerly half of McCall Street, the side upon which Pelletier was traveling. The evidence is that a portion of the coach had not passed entirely from McCall Street when Pelletier made a sudden turn to the east to avoid hitting said trailer which was passing south of the center of the intersection. Had Lewis observed the law and made the proper turn it is highly probable that no injury would have occurred. It seems reasonably certain that the plaintiff would not have been injured. Lewis would in all probability have paused and not attempted to cross in front of the Pelletier car. To so conclude is not indulging in mere speculation, but the deduction of a reasonable probability which may be predicated upon the probable and reasonable conduct of persons under the situation shown by the evidence to have existed. The plaintiff and the driver of the car in which he was riding were absolutely without fault. The defendant was also guilty of negligence in violating section 130a of the California Vehicle Act, which provides: "The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety; then, if the operation of any other vehicle may reasonably

be affected by such movement, the driver shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement.''

Defendant admits that he did not know the position of Pelletier at the time he commenced to make the left-hand turn. He testified that he observed the Pelletier car just after he started to make the left turn and he observed ''that it was coming fast''. Defendant was in a position to have had a full view of the entire situation. He noted the speed at which Pelletier was traveling and notwithstanding all that he saw and knew he cut the intersection and brought about a perilous situation which caused Pelletier to veer to the east in order to avoid colliding with the trailer which resulted in an innocent traveler receiving a badly fractured skull, a broken leg and wounds and bruises.

The defendant was entitled to the protection which the observance of the law is designed to afford travelers. The question then is whether or not the negligence of the defendant, independently or concurrently with the negligence of Pelletier, proximately contributed to the injuries of plaintiff.

There can be no doubt and the majority opinion admits, that defendant was guilty of negligence. I cannot hold, as a matter of law, that the intervening negligence of Pelletier, assuming he was negligent, broke the line of causation. The jury could have reasonably found, from the above facts, that the negligence of defendant continued up until the time of the accident, and was at least one of the proximate causes thereof. Assuming that Pelletier was negligent and that his negligence was one of the proximate causes of the accident that would, of course, not relieve the defendant from liability if his negligence also contributed to the accident and was one of the proximate causes thereof. Before it can be held that the intervening negligent act of Pelletier broke the line of causation it must appear that defendant's negligence was so disconnected in time and nature as to make it plain that the damage occasioned was in no way the natural or probable consequence of the original negligence of defendant. (*Springer* v. *Pacific Fruit Exchange,* 92 Cal. App. 732, 739 [268 Pac. 951].) This was a question of fact that should have been left to the jury. See, also, *Pastene* v. *Adams,* 49 Cal. 87; *Merrill* v. *Los Angeles Gas & Electric*

*Co.*, 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559]; *Sawyer* v. *Southern California Gas Co.*, 206 Cal. 366 [274 Pac. 544]. One of the most recent statements of the rule is to be found in *Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97, 98 [29 Pac. (2d) 781], where it is stated:

"The authorities in this state hold that where the original negligence continues and exists up to the time of the injury, the concurrent negligent act of a third person causing the injury will not be regarded as an independent act of negligence, but the two concurring acts of negligence will be held to be the proximate cause of the injury. . . . In such a case either of the negligent persons would be liable to the plaintiff for his injuries."

I think the principle there enunciated is clearly applicable to the facts of this case and that it was therefore error to take this case from the jury.