[Civ. No. 4100.   Fourth Dist.   May 18, 1951.]

RICHARD H. SEVERIN, Respondent, v. VICTOR COX, Appellant.

332

Emmett R. Burns and Edward A. Friend for Appellant.

L. Kenneth Say for Respondent.

MUSSELL, J.—Plaintiff, a young college student, while riding his motorcycle in a northerly direction on Orange Avenue in the city of Fresno, struck a barricade erected along an open trench across the east side of the avenue. He filed the present action for damages against the defendant, a plumbing contractor, who excavated the trench to put in a sewer connection. A jury awarded plaintiff damages in the sum of $6,000.

Appellant's argument is devoted entirely to the contention that, under the evidence, plaintiff was guilty of contributory negligence as a matter of law, and that the judgment should therefore be reversed.

On the date of the accident, February 19, 1949, defendant, in connecting a dwelling house on the east side of Orange Avenue with the city sewer system, dug a trench from the property westward to the center of the avenue. The trench

was approximately 20 inches wide and 4 feet deep, and at the time of the accident (shortly after sundown), the dirt which had been removed was piled on the north and south sides of the excavation. At about 4 p. m., a workman employed by the defendant erected a barrier of boards along the trench. He was ordered by the job superintendent to place four bomb-shaped kerosene flares near the trench, one on each side thereof at the west end, and one on each side halfway between the center of the street and the curb line. The workman, however, placed two of the flares on the curb line and two at the end of the ditch in the center of the street. He did not place any light in the normal northbound traffic lane or halfway between the center of the street and the curb line, as directed. A photograph (defendant's Exhibit A) shows that a crosswalk for pedestrian traffic had evidently been constructed across the trench east of the two lights on the west end of the trench, indicating that the board barricade may not have closed the ditch to crosswalk traffic at the time of the accident, and that the dirt was piled so as to indicate a passageway north and south across the excavation. The distance between the two flares at the curb line and those in the center of the avenue was approximately 12 feet, and plaintiff traveling north at a speed of 35 to 40 miles per hour saw the light in the center of the avenue but did not notice those on the curb line. He testified that when he saw the light in the center of the street he stayed on his own side of the road, and when asked why he did so instead of turning to the left stated: ''Well, I figured it could just be to the left as easily as to the right. I was just approaching it''; that he did not observe any barricade to the east of the center of the street; that he had his motorcycle light on high beam and could see ''quite a ways''; that he assumed that his side of the road was clear; that he struck the barrier and was thrown from his motorcycle. In this connection it may be observed that there were no signs of any kind placed south of the trench indicating that the northbound traffic lane was closed to vehicular traffic.

The burden of proving contributory negligence was upon the defendant and the cases in which it can be said that the negligence of a plaintiff contributes proximately to the accident as a matter of law are rare. See *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P. 2d 826], where it is said:

''The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a

matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. (Citing many cases.)''

This language was approved in *Pewitt* v. *Riley*, 27 Cal.2d 310, 316 [163 P.2d 873]; and in *Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409, 429 [218 P.2d 17], where it was said:

''Where contributory negligence is set up as a defense, it seldom happens that the question is so clear from doubt that the court can undertake to say as a matter of law how the jury should find upon the issue.''

■ Whether plaintiff was negligent was a question of fact for the jury, and if he were negligent, the question of whether his negligence was a proximate cause of the accident was likewise one of fact for the jury. In our opinion, the facts would warrant a different conclusion than that reached by the jury.

■ However, its determination is binding upon us, since we cannot say, as a matter of law, that there is no evidence to support it. (*Inai* v. *Ede*, 42 Cal.App.2d 521, 527 [109 P.2d 400].)

In *County of Alameda* v. *Tieslau*, 44 Cal.App. 332 [186 P. 398], in an action for damages for the death of a traffic officer, it appears that the officer was riding a motorcycle on a state highway in the course of construction by the defendants; that to avoid a collision with an approaching automobile he turned to the right and ran into loose rock piled on the roadway; and that there were no lanterns, guards or signs on the gravel piles. The court, in affirming a judgment for plaintiff, said (p. 335):

''The theory of the appellants in regard to contributory negligence is that under the circumstances it was negligence as a matter of law for Green to ride over the road open for partial traffic only at the rate of speed at which he was going. It is only where reasonable men can draw but a single conclusion from the facts that courts may determine the question of negligence of either party as a matter of law. The appellants rely on the rule that where a traveler uses a defective highway with knowledge of its defects, and in reckless disregard of them, he may not recover for injuries he may sustain,

even though those charged with the duty of maintaining the road or warning signs or lights have been negligent. . . . In the present case the road was open to traffic, the defendants were charged with the duty of maintaining warning lights upon the obstructions they had placed on the roadway. They provided lanterns which were not placed. The traffic officer was properly upon the road. He was confronted with a sudden danger. If the lights had been there he could not have forgotten and he might have seen the crooked outline of the rock pile. Where one is confronted with sudden peril, the fact that he errs in judgment, miscalculates the space in which he may move, or momentarily forgets and encounters another danger, does not necessarily warrant the conclusion of contributory negligence because afterward it may appear he might have avoided both perils by choosing a different course.''

■ In the instant case the jury may have inferred that plaintiff would not knowingly run into the barricade; that if a light or lights had been placed in the center of the northbound traffic lane, plaintiff would have had his attention directed to the uncovered trench; that if a sign or signs had been placed on or south of the trench indicating that the east side of the avenue was closed to northbound traffic plaintiff would have been warned of the existence of the excavation in time to have avoided the accident; and that the accident might have happened if plaintiff had in fact been traveling at a speed of 25 miles per hour. We cannot say as a matter of law that such inferences are unreasonable. It is beyond the province of this court to set aside a finding based upon a reasonable inference. (*County of Alameda* v. *Tieslau, supra,* p. 339.)

■ The defendant, having obstructed the northbound traffic on Orange Avenue at the scene of the accident, was chargeable with ordinary care to see that such obstruction did not become a cause of injury to the plaintiff. In the exercise of due care to prevent injury by the obstruction, defendant was required to erect guards, place lights, or otherwise adequately warn the northbound traffic. The sufficiency of the barrier and lights as constituting adequate warning was, under the circumstances, a question of fact for the jury. (*Stockton Automobile Co.* v. *Confer,* 154 Cal. 402, 406 [97 P. 881]; *Rose* v. *County of Orange,* 94 Cal.App.2d 688, 691 [211 P.2d 45].) Under the circumstances shown, the trial court might well have granted defendant's motion for a new trial,

336

However, we cannot say that plaintiff was guilty of contributory negligence as a matter of law.

The attempted appeal from the order denying the motion for a new trial is dismissed. Such an order is not appealable. (*McNamara* v. *Emmons*, 36 Cal.App.2d 199, 208 [97 P.2d 503].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.