In the Matter of the Reinstatement of William Lewis PAUL.
No. 3918–A.

District Court, Alaska. First Division, Juneau.
Aug. 12, 1957.

Henry Roden, Juneau, Alaska, and Frederick Paul, Seattle, Wash., for petitioner.

Roger G. Connor, U. S. Atty., Juneau, Alaska, for respondent.

KELLY, District Judge.

This matter comes before this court upon the motion filed by the United States Attorney, seeking dismissal of the petition filed herein for the reinstatement of William Lewis Paul to the practice of law.

The petition, filed June 13, 1957, sets forth that an order was entered on July 31, 1937, which provided that the said William L. Paul be permanently disbarred and removed from the practice of law in the courts of Alaska, and that his name be stricken from the rolls of attorneys of this court. This order further provided that he might apply for reinstatement at any time within one year there-

after provided that during that period he had been guilty of no other conduct inconsistent with the duties and obligations of an attorney at law, and that he had strictly complied with certain conditions, namely:

"1. That he deposit in the registry of this court, for distribution to those lawfully entitled thereto, all the money, property and things of value whatsoever received by him from, for or on account of the persons, or any of them, named or alluded to, or in connection with the matters set forth in counts one to five, inclusive, of the information, together with interest at the rate of six per cent per annum; and that he otherwise make full and complete restitution.

"2. That when he makes such restitution and makes proper apology and amends to the court and furnishes satisfactory evidence of his reformation, he may apply for reinstatement."

■ Upon motion and proper hearing, an order was later entered extending the time within which the defendant might apply for reinstatement up to and including the 15th day of September, 1938. No application for reinstatement was filed in accordance with the order, nor was any action taken until the present petition for reinstatement was filed in this proceeding; nor is there any evidence or showing of compliance within the time specified with the other requirements which the original order of disbarment specified must be complied with before an application for reinstatement could be filed in that proceeding. It would appear from the original order and the supplemental order extending the time to the 15th day of September, 1938, that it is now too late to apply in the original proceeding for reinstatement. Such a proceeding at this time would be in effect a petition to set aside the original order

of disbarment, and in view of all the circumstances, as revealed by the original file, this petition cannot be regarded as one filed in compliance with the orders of this court for reinstatement, but must be regarded as a new application for admission to practice law. As such it has no place in the original proceeding but must be filed in compliance with the provisions of the Alaska Integrated Bar Act (Ch. 196, S.L.A.1955).

[2] It is well established that an application for reinstatement of an attorney disbarred by a judgment of a court of competent jurisdiction, as was the petitioner here, must be treated as an application for admission to practice and not as a petition to vacate the order of disbarment. As such, therefore, under the statute it should be first directed to the Board of Governors of the Alaska Bar and the requirements of that statute followed.

The statute gives ample remedies and prescribes the proper procedure should the applicant desire to have a hearing before the court upon the recommendations of the Bar.

Ch. 196, S.L.A.1955, which is hereafter referred to as the Bar Act, provides for the creation of the "Alaska Bar Association" and provides for its organization, government, membership, and powers to regulate the practice of law and to provide penalties for violations. Sec. 8 authorizes the Board of Governors to adopt rules fixing the qualifications, requirements, and procedures for admission to practice law except as provided in the Act, and to establish and enforce rules of professional conduct for all members of the Alaska Bar patterned after, but not limited to, the Code of Ethics of the American Bar Association; to investigate, prosecute, hear, and finally determine all causes involving discipline, disbarment, suspension, or reinstatement.

Sec. 14 pertains to disciplinary proceedings and review and provides as follows:

"Upon finally determining any cause involving the discipline, disbarment, suspension or reinstatement of a member of the Alaska Bar, the Board of Governors shall certify its findings and recommendations thereon to the U. S. District Court for the Judicial Division wherein the accused member resides. Upon receiving the findings and recommendations, the Court shall, within thirty days thereafter, issue an order of disbarment, suspension, reinstatement, dismissal, or otherwise, in full accordance with the recommendations of the Board of Governors, unless the accused member shall sooner petition the Court for review of the proceedings, findings and recommendations of the Board. In the event such petition is made, the Court shall proceed promptly with the review in the manner it may choose, and after completion of the review shall issue such order in the cause as the Court may, in its discretion, determine proper. Any hearings or other procedures before the Court shall be for the sole purpose of review of the determinations of the Board of Governors and shall not constitute a trial de novo of the cause. The procedure for review herein set forth shall be the exclusive method of appeal from the determinations of the Board of Governors in any matter involving the discipline, disbarment, suspension or reinstatement of a member of the Alaska Bar. A full stenographic record of all hearings on matters involving discipline, disbarment, suspension or reinstatement shall be kept. The Board of Governors shall have power to issue subpoenas and to invoke the aid of the

U. S. District Court, if necessary, to compel the attendance of witnesses at hearings held pursuant to the powers granted herein."

■■■■     The motion to dismiss was argued at some length and petitioner submitted a brief attacking the Alaska Bar Act as unconstitutional and contending further that since the disbarment had occurred prior to the enactment of the Integrated Bar Act of Alaska, the matter should be heard before the court and no petition need be filed with the Board of Governors of the Alaska Bar under the Act.

Petitioner claims that the Bar Act, supra, is invalid and unconstitutional because the legislature has interfered with the judicial prerogative by taking away from the court the power to discipline attorneys appearing before it.

There is no question but that, since an attorney is an officer of the court, whether he shall be admitted to practice before the court is a judicial and not a legislative question. Regardless of the inherent power of the court, however, to admit petitioners for license to practice law, the legislature may prescribe reasonable rules or regulations for admission to the Bar which will be followed by the court, the only limitation being the requirement that such regulations be reasonable and do not deprive the court of its power to prescribe additional conditions for the admission of applicants, nor take from the court the right and duty of actually making orders admitting such petitioners. The legislative regulations are, in reality, minimum standards required for admission and the courts may require additional conditions unless satisfied that the qualifications prescribed by the legislature are sufficient. The requirements of the legislature in this regard are restrictions on the individual, and not limitations on the court. In re Lavine, 1935, 2 Cal.2d 324, 41 P.2d 161, 42 P.2d 311. The same rule applies to reinstatement as to admission.

The Bar Act takes nothing away from the inherent power or authority of the court, but, on the contrary, adds helpful machinery. Sec. 14 provides that when the Board of Governors have finally determined any cause involving disbarment or reinstatement that it certify the findings and recommendations "to the U. S. District Court for the Judicial Division wherein the accused member resides. Upon receiving the findings and recommendations, the Court shall, within thirty days thereafter, issue an order of disbarment, suspension, reinstatement, dismissal or otherwise," in accordance with the recommendations "unless the accused member shall sooner petition the Court for review of the proceedings, findings and recommendations of the Board." If such petition is filed, the court shall promptly review the same "in the manner it may choose," and after completion of such review "shall issue such order in the cause as the Court may, in its discretion, determine proper."

It can thus be seen that where the attorney involved disputes or disagrees with the findings and recommendations of the Board of Governors, he may have a review of the entire proceedings before the Board of Governors and the court may enter such order as it deems proper.

The courts, from time without memory, have referred to referees, masters, commissioners, and court-appointed examiners, matters upon which testimony would be taken, findings made, and recommendations submitted to the court, and certainly in this instance the Bar Act of Alaska does not interfere with any inherent power or authority the court has, regardless of the Act, to exercise its prerogative and make the final decision in the matter.

In this proceeding for disbarment, upon motion of the defendant an order was entered February 27, 1937, entitled "Order of Reference," and a committee of three mem-

bers of the Territorial Bar was appointed to "hear the parties and to take testimony with respect to the issues as framed by the pleadings herein and to report its findings of fact to this Court.   *   *   * "   Had the Integrated Bar Act of Alaska not been adopted there certainly would be no question but that this court would have authority to appoint a committee of attorneys to investigate the petition, take testimony if necessary, and submit their report and recommendations to the court.   The Integrated Bar Act places this responsibility directly upon the Board of Governors.

The court which admitted an attorney to practice has always been the tribunal to discipline that attorney.   Throughout the years, however, the courts have always had the aid and assistance of the Bar and its members, who are officers of the court, in maintaining proper ethical standards which all attorneys who want to continue to practice law must observe.

For over 30 years there has been a constant growth in the system of integrated bars throughout the nation; in some states they have been created by statute, in some by court rule, but in all, the Bar of the state or other jurisdiction, has taken a leading role in policing their membership so that the standards of the lawyers would be kept at a high level in order that in their dealings with the public they would maintain proper comportment so as to protect the public interest and safeguard the general welfare of those with whom they dealt.

Any decisions which the Bar Act authorizes the Board of Governors to make in the hearings which they hold are merely recommendatory in character, and the only orders which have the effect of working disbarment or reinstatement of a person are the final orders of the Court.   The Board itself is not invested with judicial powers, and the

review referred to in the Bar Act is not a limited review, but affords re-examination of the entire record by the Court.

Petitioner's contention that the legislature has sought, in the Bar Act, to delegate to the Board of Governors a judicial function is without merit. The court should not declare an act of the legislature unconstitutional unless it appears that there is a clear repugnancy between the terms of the act and the constitution. Such does not exist here. I find that the Bar Act here in question is valid and must be complied with.

This petition should first have been presented to the Board of Governors of the Alaska Integrated Bar in accordance with the provisions of the Alaska Integrated Bar Act. The motion to dismiss is granted. An order may be presented in accordance with this opinion.