[Civ. No. 11453.    Third Dist.    July 31, 1967.]

CLARENCE W. BRAGG, Plaintiff and Appellant, v. CITY OF AUBURN et al., Defendants and Respondents.

James K. Norman for Plaintiff and Appellant.

D. R. Robinson for Defendants and Respondents.

FRIEDMAN, J.—In 1946 the City of Auburn adopted an ordinance establishing parking meter zones. In 1965 the city completed proceedings for the establishment of a vehicle parking district in the downtown area. The 1965 proceedings were taken in conformity with the Vehicle Parking District Law of 1943. (Sts. & Hwys. Code, § 31500 et seq.) As permitted by section 31860 of the parking district law, the city council adopted an ordinance pledging parking meter revenue of $7,500 per year to the purposes of the parking district.

Following the 1965 parking district proceeding, petitioner and other sponsors circulated and filed an initiative petition proposing the repeal of Auburn's existing parking meter legislation. Petitioner then sought a writ of mandate directing the city authorities to process the initiative and present it to the electors. The trial court denied relief, holding the proposed measure to be outside the scope of the municipal initiative power. Petitioner appeals.

Consideration of governing statutory and case law demonstrates the correctness of the trial court's action. The decision in *Mervynne* v. *Ackcr*, 189 Cal.App.2d 558 [11 Cal.Rptr. 340], was filed in February 1961. Vehicle Code section 22508, as it read at that time, was the statutory expression of local authority over parking meters.[1] In *Mervynne* the court held that repeal of a municipal parking meter ordinance was outside the scope of the municipal initiative power; that the subject of traffic control on city streets, including metered parking, was one of statewide concern as to which section 22508 delegated decision-making power not to the local electors, but to the city council as the states designated agent for the local administration of state policy.

The *Mervynne* decision was followed by the amendment of section 22508 at the 1961 legislative session.[2]

---

[1] At that time and prior to its amendment at the 1961 legislative session, Vehicle Code section 22508 declared:

"Local authorities may by ordinance provide for the establishment of parking meter zones, and cause streets and highways to be marked with white lines designating parking spaces and requiring vehicles to park within the parking spaces, except that an ordinance is not effective with respect to any state highway until the proposed ordinance has been submitted to and approved in writing by the Department of Public Works. The proposed ordinance shall be submitted to the department only by action of the local legislative body and the proposed ordinance shall be submitted in complete draft form."

[2] As amended in 1961, Vehicle Code section 22508 now reads:

"Local authorities shall not establish parking meter zones or fix the rate of fees for such zones except by ordinance. An ordinance establish-

· Petitioner argues that the *Mervynne* case was incorrectly decided and should not be followed. To the contrary, *Mervynne* is doubly impressive, both for its keen insight into law of state-municipal relationships in California and for the fact that the Supreme Court rejected an application for hearing in the case. The Supreme Court's denial of a hearing after a Court of Appeal decision may be regarded as an approval of the decision, although not necessarily of all its reasoning. (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865]; *Cole* v. *Rush* (1955) 45 Cal.2d 345, 351 [289 P.2d 450, 54 A.L.R.2d 1137].)

Petitioner contends that the 1961 amendment of section 22508 was a statutory alteration of the *Mervynne* decision, expressing the Legislature's intent to classify parking meter regulation as a subject of local rather than statewide concern. The last paragraph of section 22508 evidences a much narrower purpose. It expressly announces application of the municipal referendum power to an ordinance establishing a parking meter zone or fixing fees, but refrains from any assertion whatever of the initiative power, the latter having been rejected in *Mervynne*. On its face, the last paragraph of section 22508 exhibits a legislative plan to designate the city council as the exclusive agency (immune from the initiative) to propose or abolish a parking meter system, while giving the electors (via the referendum) a veto power over city council action proposing a parking meter system or zone.

If there is any ambiguity in the 1961 amendment of section 22508, it is quickly resolved by a comparison of the original and amended versions of the legislative bill (Assembly Bill 2981) which resulted in the amendment. As introduced, the bill would have made the initiative and referendum processes equally applicable. Before enactment, however, the bill was

---

ing a parking meter zone shall describe the area which would be included within the zone.

''Local authorities may by ordinance cause streets and highways to be marked with white lines designating parking spaces and require vehicles to park within the parking spaces.

'' No ordinance adopted by any local authority pursuant to this section with respect to any state highway shall become effective until the proposed ordinance has been submitted to and approved in writing by the Department of Public Works. The proposed ordinance shall be submitted to the department only by action of the local legislative body and the proposed ordinance shall be submitted in complete draft form.

'' Any ordinance adopted pursuant to this section establishing a parking meter zone or fixing rates of fees for such a zone shall be subject to local referendum processes in the same manner as if such ordinance dealt with a matter of purely local concern.''

amended to eliminate all reference to the initiative process.[3] The amendment of Assembly Bill 2981 displays a legislative intent entirely consistent with a fair reading of the statute's last paragraph.

Petitioner cites statements defining the spheres of state and city regulation when the city has a charter empowering it to deal with "municipal affairs," e.g., *In re Hubbard*, 62 Cal.2d 119, at page 128 [41 Cal.Rptr. 393, 396 P.2d 809]. Auburn, however, is a general law city. It may not invoke the "municipal affairs" clause of section 6 of article XI of the state Constitution, but must rely upon the municipal police power declared by section 11 of that article.[4] Although analogous, these two areas of municipal power differ somewhat (*ibid.*, p. 127). The boundary of municipal police power is reached when the state has fully occupied, that is, preempted, a particular field of regulation (*ibid.*, p. 125). ▇ Vehicle Code section 22508 is a legislative assertion of the state's exclusive occupancy of the field of parking meter regulation as one aspect of traffic control. The City of Auburn cannot legislate in that field except within the scope and through the agencies designated by state law. (*Mervynne* v. *Acker, supra,* 189 Cal.App.2d at pp. 564-565.)

Petitioner suggests that the Legislature cannot constitutionally confer the power of direct legislation in piecemeal fashion. The Legislature's power to exercise exclusive control over automobile traffic on public highways, including city streets, has been recognized for many decades. (See cases cited, *Mervynne* v. *Acker, supra*, 189 Cal.App.2d at p. 562.) A legislative choice to exercise exclusive control necessarily withholds the power of regulation from both the municipal council and the municipal electorate. Such a choice invades the power of municipal electors no more than it invades the power of the municipal council. By general law the Legislature may delegate subordinate authority. The Vehicle Code contains many examples of limited delegation to local authorities. The restricted delegation of parking meter regulatory

---

[3]The last paragraph of Assembly Bill 2981, as originally introduced, provided:

"Any ordinance proposed or adopted under this section shall be subject to local *initiative or referendum processes* in the same manner as if such ordinance dealt with a matter of purely local concern." (Italics supplied.)

Before enactment the bill was amended to reflect the language now found in the last paragraph of section 22508 (fn. 2, *supra*).

[4]We do not imply that a different decision would be reached were Auburn a chartered city.

power to municipal electors (through a referendum against the establishment of parking meter zones) no more violates the constitutional reservation of direct legislation than complete withholding of the power.

Petitioner "filed" in the court below a paper entitled "Declaration of James R. Mills." Mr. Mills declares that he was an Assemblyman, one of the authors of Assembly Bill 2981 at the 1961 legislative session. In a general way the paper declares Mr. Mills' belief or opinion that the amended bill, equally with the original bill, would override the *Mervynne* decision. This declaration was filed in the trial court after the hearing on the mandamus application and after the trial judge had issued his memorandum opinion adverse to petitioner. It is ostensibly included in the clerk's transcript on appeal. Petitioner points to Mr. Mills' declaration as evidence of the legislative intent underlying the 1961 amendment of section 22508.

The declaration is substantively and procedurally inacceptable. The statement of an individual legislator as to his intention, motive or opinion regarding a particular piece of legislation is inadmissible. (*In re Lavine*, 2 Cal.2d 324, 327 [41 P.2d 161, 42 P.2d 311]; *Rich* v. *State Board of Optometry*, 235 Cal.App.2d 591, 603 [45 Cal.Rptr. 512].) Mr. Mills' declaration was neither offered nor received as evidence in the trial court. Its contents were ineligible for judicial notice. (See Evid. Code, §§ 450, 451, 452.) Inadmissible evidence may not be force-fed into litigation by metamorphosing it into a document "filed" ex parte with the clerk's office outside the arena of adversary trial; nor may it be bootstrapped into cognizability by designating it as part of the clerk's transcript on appeal. (See Evid. Code, §§ 140, 310, subd. (a).)

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 11, 1967.