[Civ. No. 54780. First Dist., Div. One. Apr. 6, 1982.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
MARY I. CALLANAN, as City Treasurer, etc., et al., Real Parties in
Interest.

482

**COUNSEL**

George Agnost, City Attorney, and Thomas J. Owen, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Forster & Harris and Jamie O. Harris for Real Parties in Interest.

**OPINION**

**ELKINGTON, J.**—Following the assassination of San Francisco's mayor, George R. Moscone, his successor as mayor asked the city's attorney for an opinion whether (1) the board of supervisors might by ordinance appropriate money to be held in trust, the income from which would be paid to the surviving dependents of elected officials who are assassinated while in office, and (2) if so, might such an ordinance operate retroactively in respect of the deceased mayor's dependents.

The city attorney prepared such an opinion in writing, in which each of the questions was answered, "Yes," and giving the reasons therefor.

Such an ordinance was thereafter enacted in accordance with the city's attorney's opinion. Following its enactment, the city's treasurer and controller developed a belief that it was probably invalid as a gift of public funds. Because of their potential liability for illegally authorizing, or making, disbursements of the city's funds, they refused to implement the ordinance. The city thereupon commenced mandamus proceedings purposed to compel payments as required by it.

During pendency of the mandate proceedings a widespread rumor was circulated in the city that its attorney had initially prepared a ten-

tative opinion draft which declared the ordinance illegal. And somehow copies of that draft were themselves broadly circulated. At the deposition of one of the city's supervisors who had voted for the ordinance, he testified that he had thereafter heard of the earlier contrary opinion draft, and that he had in fact seen a copy of it. He stated that the draft had opined such an ordinance to be "an illegal gift of public funds." He further deposed that had he "known there had been a legal memorandum drafted by the City Attorney's office which concluded it was an illegal gift of public funds" he "would not have voted for" it.

The city's treasurer thereupon, pursuant to Code of Civil Procedure section 2031, made request of the city that it produce for inspection and copying, its attorney's "legal opinion memoranda ... concluding that [the ordinance] would constitute an illegal gift of public monies." The city rejected the request on the ground, among others, that "[t]he document is not relevant nor admissible to the issues presented by the instant action, nor will the document lead to such relevant and/or admissible evidence; ..."

Upon proceedings thereafter taken by the city's treasurer under Code of Civil Procedure section 2034, the superior court ordered the city to produce the document, as requested, for inspection and copying.

By the instant proceeding the city seeks this court's writ of mandate setting aside the superior court's order. The application for the writ was upon due notice, the issues thereof have been fully briefed and have been considered by this court. We issue the peremptory writ as requested, in the first instance. (See Code Civ. Proc., § 1088; *Stuart* v. *Superior Court* (1979) 94 Cal.App.3d 182, 186 [156 Cal.Rptr. 289].)

Our reasons for the writ's issuance follow.

We are presented with what *appears* to be a pure issue of law. It is whether an attorney's tentative opinion draft, prepared at his client's request, may be judicially ordered produced for inspection and copying by his client's adversary in litigation, under the discovery statutes of this state.

California's discovery statutes are purposed to make available to the state's litigants "evidence" which is "relevant" to the issues of an action, or matters reasonably calculated to lead to such admissible evidence. (Code Civ. Proc., § 2031, subd. (a); *Valley Bank of Nevada* v.

*Superior Court* (1975) 15 Cal.3d 652, 655-656 [125 Cal.Rptr. 553, 542 P.2d 977].) "'*Evidence*' means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence *of a fact.*" (Evid. Code, § 140; italics added.)

There has been an addition to this basic purpose. Where the "issues," as sometimes happens, are obscure, "[a] party's contention may be the subject of discovery, but not the legal reasoning or theory behind the contention." (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].)

As has been indicated, the city's superior court action appears to present a clear issue of law, and not of fact. It is whether the questioned ordinance was a valid act of the city's board of supervisors.

The city's treasurer recognizes that the tentative opinion draft would ordinarily not constitute, or lead to, relevant evidence of a fact, or clarify the issues of the superior court action. It is argued instead that the draft, when coupled with evidence such as the deposition of the city's supervisor, is relevant and admissible evidence of a fact "for the light it may shed on the issue of legislative intent."

The contention is not persuasive.

We observe first that: "It is a prime rule of construction that the legislative intent underlying a statute must be ascertained from its language; if the language is clear there can be no room for interpretation, and effect must be given to its plain meaning." (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 40 [124 Cal.Rptr. 852]; and see *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Leroy T.* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 438 [115 Cal.Rptr. 761, 525 P.2d 665]; *Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 7 [125 Cal.Rptr. 408].) Here, no contention is made, nor does it appear, that the ordinance's intent or purpose is in any way ambiguous or unclear.

Moreover, "In construing a statute we do not consider the motives or understandings of individual legislators who cast their votes in favor of it." (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589 [128 Cal. Rptr. 427, 546 P.2d 1371].) "[T]he testimony of an individual legislator as to his *intention*, or motive, or opinion with regard to a particular

piece of legislation is inadmissible." (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 603 [45 Cal.Rptr. 512], italics added; and see *Cadiz* v. *Agricultural Labor Relations Bd.* (1979) 92 Cal.App.3d 365, 379 [155 Cal.Rptr. 213]; *McGlothlen* v. *Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005, 1015 [140 Cal.Rptr. 168]; *Bauman* v. *Islay Investments* (1973) 30 Cal.App.3d 752, 756 [106 Cal.Rptr. 889]; *Bragg* v. *City of Auburn* (1967) 253 Cal.App.2d 50, 54 [61 Cal. Rptr. 284].)

█ Further, California's discovery statutes provide that: "any writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances." (Code Civ. Proc., § 2016, subd. (b).) And: "It is the policy of this state (i) to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts." (*Id.*, subd. (g).)

It thus becomes manifest that the city's attorney's tentative opinion draft was neither relevant admissible evidence, nor a matter reasonably calculated to lead to such evidence. Nor was its discovery otherwise permitted by statute. And patently, discovery of it would not aid in resolution of the city's contentions or superior court action's issues. That court accordingly erred in ordering its production.

It becomes unnecessary to consider the city's further contentions predicated upon the "attorney's work product" rule, and the attorney-client privilege.

The peremptory writ will issue commanding the superior court to set aside its order directing discovery of the city attorney's tentative opinion draft, and to take such further proceedings as are not inconsistent with the views we have expressed.

Racanelli, P. J., and Goff, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.