[Civ. No. 14134.   Second Dist., Div. Two.   Oct. 13, 1943.]

LEO WILLETT, Appellant, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Respondents.

Loren A. Butts for Appellant.

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, George W. Adams and Wendell Mackay, Deputies City Attorney, for Respondents.

WOOD (W. J.), J.—Petitioner seeks to have a writ of mandate issued to compel members of the Board of Water and Power Commissioners and certain other officials of the city of Los Angeles to reinstate him to the position of field agent of the Department of Water and Power and to cause to be paid to him his salary from April 7, 1942. He has appealed from a judgment of the superior court in favor of defendants.

Petitioner was employed as field agent in the Department of Water and Power from February 21, 1936, to April 7, 1942, at which time he received a notice in writing informing him that he was suspended from his position for "lack of work, in accordance with article IX section 125 of the Los Angeles City Charter." The position of field agent is in the classified civil service.

Petitioner concedes that respondent board has the power to lay off an employee in the classified civil service or to abolish a position when such action is occasioned by reason of lack of work and is done in good faith, but he contends that he was not in truth suspended for lack of work and that the suspension was placed upon this ground in bad faith and for the purpose of evading the civil service provisions of the charter of Los Angeles, with which compliance was not made by any of defendants. ██ The trial court found that the notice of suspension "was not a mere sham and pretext" and that the suspension was in the interest of economy and for lack of work. This finding is equivalent to a finding that the action of the board was taken in good faith. Petitioner now contends that the finding is not supported by the evidence. In passing upon this contention we must be guided by the rule that the findings of the trial court cannot be disturbed on appeal if there is substantial evidence to support them. (*Livingstone* v. *MacGillivray,* 1 Cal.2d 546 [36 P.2d 622].)

From the evidence received by the trial court it appears that the principal duty of petitioner was to carry on negotiations for the rental and leasing of properties of the Department in Owens Valley. He also made investigations of properties for fire hazards. From and after 1932 the Owens Valley division was over-manned and the general manager, H. A. Van Norman, undertook to make changes in the operation of the Bureau of Water Works so that it could be conducted on a more economical basis. After the beginning of the present war there was a marked decrease in the rentals made in the Owens Valley by the Department. In 1939 there were 727 rentals and in 1942 there were 453 rentals. After the suspension of petitioner no one was appointed to take his place but his work was performed by others, mainly by T. R. Silvius, who was in charge of the Owens Valley division and had been petitioner's superior in the department's work

in the Owens Valley. The evidence is unquestionably ample to support the court's finding that there was a lack of work which gave justification for the suspension of petitioner.

Petitioner points to the testimony of Mr. Van Norman, which he claims compels a finding that the suspension was made in bad faith. Mr. Van Norman testified that a controversy had arisen between petitioner and Mr. Silvius; that Silvius had complained to him of petitioner's attitude and had complained of a letter which petitioner had written; and that Silvius had stated that he would be better satisfied if he could get rid of petitioner. The witness testified that there was in fact a lack of work and that in laying him off on this ground he was clearing up the situation in a legal way. He further testified: "When Mr. Silvius came with that letter and showed it to me and complained about Mr. Willett's conduct, I decided right away that now is the time to do it, to make the change. I felt it was time to make the change and it was justified, because Silvius could do the work within his classification." From this testimony the court could draw the conclusion that petitioner had been allowed to remain in his position after the work had fallen off because of the natural reluctance of employers to discharge employees from positions which they have long filled; and that when it appeared that petitioner was not cooperative but was insubordinate the time had come to operate the department without his services or those of anyone else. It was the function of the trial court to draw inferences from the evidence and to base its findings thereon. We cannot hold that the inferences drawn by the trial court were unreasonable. The findings are supported by the evidence.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.