[No. B043890. Second Dist., Div. Three. Oct. 24, 1990.]

HEATHER ENSWORTH, Plaintiff and Respondent, v.
CYNTHIA MULLVAIN, Defendant and Appellant.

**COUNSEL**

Joel H. Goldberg for Defendant and Appellant.

Patten, Faith & Sandford and Lorriane Grindstaff for Plaintiff and Respondent.

**OPINION**

**CROSKEY, J.**—Appellant Cynthia Mullvain (Mullvain) appeals from the issuance of a restraining order pursuant to Code of Civil Procedure section

527.6,[1] granted in favor of respondent Heather Ensworth (Ensworth). We find the statutory requirements for issuing the injunction were met by the evidence presented by Ensworth, and we affirm the judgment.

## Factual and Procedural Background

Ensworth was a psychologist practicing in Pasadena. Mullvain was her patient from November 1982 until September 1984, at which time Ensworth terminated the treatment. Apparently, Mullvain did not accept the termination very well, and Ensworth saw her again for a period of time to "resolve the termination issues to help [Mullvain] disengage from [Ensworth]." A series of harassing incidents occurred, and Ensworth was forced to terminate contact with Mullvain in May 1987. After the second termination, Ensworth sought a restraining order against Mullvain. The restraining order was granted from May 29, 1987, until November 29, 1988.

On November 29, 1988, Ensworth filed the petition in the matter before us, in which she sought a second restraining order. In the declaration filed in support of the petition, Ensworth stated that the "ongoing harassment" caused her "significant emotional distress" and was a distraction at work.

At the hearing, Ensworth testified that the prior restraining order kept down the incidents of harassment, but incidents did occur. Mullvain followed Ensworth's car, tried to stop her car in the middle of the street, circled around Ensworth's office building, kept her house under surveillance, drove repeatedly around her house, made numerous phone calls, sent threatening letters to Ensworth, and made phone calls to other professionals in the community in an effort to harm Ensworth's reputation. On December 22, 1988, Ensworth received a letter from Mullvain which stated that Mullvain would repeatedly violate a restraining order, that she would be willing to go to jail, and that she would be willing to do whatever necessary to continue to have contact with Ensworth and to make sure that Ensworth did not forget her. The letter alluded to committing suicide in Ensworth's presence.

Mullvain testified that she had business contacts at the Altadena Library, which is located approximately 150 feet from Ensworth's home. Those "contacts" included doing research at the library for movie productions, and teaching calligraphy classes, not as a library employee, but on a community service basis. She also used the library "for time in between seeing clients to do some research or do studying or write papers or to use the bathroom facilities and computer there." Asked what other business

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

contacts she had around Ensworth's home, she replied that she had "some photography clients" and "calligraphy clients and students." In addition, she mentioned three different door-to-door sales jobs and "all the realms of photographic art and advertising." Mullvain testified that as a result of the restraining order sought by Ensworth, she has not gone to the Altadena Library, not contacted her photography clients, and not conducted research for her film projects. As a result, she lost money and referrals.

During closing argument, counsel for Mullvain argued that no testimony had been presented on the issue of whether emotional damage was done to Ensworth. The trial court responded that the code section required a showing of emotional damage "to a reasonable person. It doesn't say that the person has to testify they had emotional damage, et cetera." Counsel replied that he thought the code section did provide that the petitioner must prove actual damage. The court stated: "I haven't read that section. I don't know if that is a sentence in the section. I don't have it up here. [¶] We will go on with argument before we run out of time." The argument continued very briefly after that, and then the court issued the injunction.

## APPELLANT'S CONTENTIONS

Mullvain contends that (1) the evidence was insufficient and did not support the injunction (2) the trial court did not make the necessary findings and (3) the injunction infringes on her fundamental right to pursue a "lawful calling, business or profession."

## DISCUSSION

### 1.  *The Evidence Was Sufficient to Support the Injunction*

Section 527.6 provides a procedure by which a person who has suffered harassment may seek an injunction prohibiting the harassment. In subdivision (b), harassment is defined as "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff."

Mullvain contends that the evidence before the trial court did not establish that Ensworth suffered an "actual emotional trauma." Citing *Schraer* v. *Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719 [255 Cal.Rptr. 453], she argues that it was error to grant the injunction. In *Schraer*, the trial court granted a section 527.6 injunction based on declarations,

attached exhibits and argument by counsel. The trial court did not allow any oral testimony to be taken, even though witnesses were in the courtroom at the time of the hearing. (*Id.*, at p. 725.) The appellate court reversed, holding that section 527.6 requires that "a person charged with harassment [be] given a full opportunity to present his or her case, with the judge *required* to receive relevant testimony and to find the existence of harassment by 'clear and convincing' proof of a 'course of conduct' that actually and reasonably caused '*substantial* emotional distress, had 'no legitimate purpose,' and was not a 'constitutionally protected activity.'" (*Id.* at pp. 730-731, italics in the original.) Because the trial court in this case heard testimony from both parties before issuing the injunction, the hearing did not violate the dictates of *Schraer.*

> a. *The Direct Testimony of Ensworth as to Emotional Distress Was Not Required*

The *Schraer* court did not hold that the requisite clear and convincing proof of a petitioner's substantial emotional distress had to be in the form of the petitioner's direct testimony that he or she suffered such distress. Indeed, such a holding would be inconsistent with the general rules of evidence. ■ Relevant circumstantial evidence is admissible in California. (Evid. Code, § 351; *Hasson* v. *Ford Motor Co.* (1977) 19 Cal.3d 530, 548 [138 Cal.Rptr. 705, 564 P.2d 857, 99 A.L.R.3d 158].) Circumstantial evidence can be substantial evidence for an inference based on it. (*Norris* v. *State Personnel Bd.* (1985) 174 Cal.App.3d 393, 398 [219 Cal.Rptr. 895].) For that reason, circumstantial evidence can provide the sole basis for a verdict and, in such a case, can meet the substantial evidence test on appeal. (*Hasson* v. *Ford Motor Co., supra*, 19 Cal.3d at p. 548.)

■ The role of the court in a section 527.6 hearing does not differ from its role in other trial settings where the court is the trier of fact. It is the function of the trial court to draw inferences from the evidence and to base its findings thereon. (*Fireboard Paper Products Corp.* v. *East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 697 [39 Cal.Rptr. 64]; *Ybarra* v. *Spangard* (1949) 93 Cal.App.2d 43, 46 [208 P.2d 445]; *Willett* v. *Department of Water and Power of the City of Los Angeles* (1943) 60 Cal.App.2d 822, 824 [141 P.2d 906].) Inferences may be drawn not only from the evidence but from the demeanor of witnesses and their manner of testifying. (*Berger* v. *Steiner* (1945) 72 Cal.App.2d 208, 214-215 [164 P.2d 559]. See *Nelson* v. *Black* (1954) 43 Cal.2d 612, 613 [275 P.2d 473].)

■ We agree with Mullvain that the record contains no direct oral testimony of Ensworth's emotional distress caused by the harassment. Nevertheless, the record contains sufficient evidence of Mullvain's harassment

of Ensworth to allow the trial court to draw the conclusion that Ensworth indeed had suffered substantial emotional distress. Ensworth told of being followed and spied upon, and of receiving repeated phone calls and threatening letters from Mullvain, one of which alluded to committing suicide in Ensworth's presence. Moreover, Ensworth stated in her declaration in support of the petition for the injunction that Mullvain's harassment caused Ensworth "significant emotional distress." We find the record contains sufficient evidence that Mullvain caused Ensworth actual emotional distress.[2] Her *direct* testimony on that point would have been cumulative and was not required.

### b. *Even Assuming the Court Applied the Wrong Standard Such Error Was Harmless*

■ Mullvain implies that the trial court did not use the correct standard in issuing the injunction, citing part of the colloquy between the court and counsel at the close of the evidence. In arguing that the evidence was insufficient, counsel for Mullvain emphasized that there was no testimony about Ensworth's emotional damage. The court replied that the code section does not require petitioners to "testify they had emotional damage." Counsel responded that the code section "does say actual damage; that she has had to prove actual damage." At that point the court stated that it had not read that section, did not know if that sentence was in the section, and did not have the code section on the bench. Then the court said, "We will go on with argument before we run out of time."

We read the court's statement as a response to counsel's comment that there was no testimony of emotional damage. It seems that the trial court believed that counsel was arguing, as was argued on appeal, that there had to be direct evidence of emotional damage. Under that view, our analysis of the judgment as being supported by the findings is not undermined in any way. If, however, we interpret the court's comments to mean that no finding of actual damages had to be made, then there is error on the record. Because there is some ambiguity in what the court said to counsel, we will, arguendo, assume the error.

Even assuming error, however, we find it to be harmless. Mullvain did not dispute the evidence that Ensworth produced at the hearing, evidence which showed Mullvain's harassment of Ensworth. The undisputed

---

[2] Where the trial court has determined that a party has met the "clear and convincing" burden, that heavy evidentiary standard then disappears. "On appeal, the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight, and disregarding appellant's evidence, however strong." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 283, pp. 294-295, citations omitted.)

evidence demonstrated that Mullvain, among other things, followed Ensworth, circled around her office building, kept her house under surveillance, make numerous phone calls and sent threatening letters. These activities are clearly harassment, and we find, as a matter of law, that it is reasonably probable that such harassment would cause anyone emotional distress. Moreover, Ensworth stated in her declaration that Mullvain's activities indeed had caused her "significant emotional distress." Based on this record we find that, even assuming that the trial court erred in applying a reasonable person standard, it is not reasonably probable that a different result would have occurred at the hearing had the court applied the standard of actual damages to Ensworth. (Cal. Const., art. VI, § 13; *Brokopp* v. *Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853-854 [139 Cal.Rptr. 888, 93 A.L.R.3d 537]; *Williams* v. *Lambert* (1962) 201 Cal.App.2d 115, 126 [19 Cal.Rptr. 728].)

2. *The Statute Does Not Require Express Findings by the Trial Court*

■ Mullvain argues that the trial court failed to make the necessary findings before issuing the injunction. She refers specifically to a finding of a continuous course of conduct and of Ensworth's substantial emotional distress. Subdivision (d) of section 527.6 provides in part that, at a hearing on the petition for an injunction, "the judge shall receive such testimony as is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." The statute does not require the court to make a specific finding on the record that harassment exists, nor does it require specific findings of the statutory elements of harassment as defined in subdivision (b). Where the language of a statute is clear, " 'there can be no room for interpretation, and effect must be given to its plain meaning.' " (*City and County of San Francisco* v. *Superior Court* (1982) 130 Cal.App.3d 481, 485 [181 Cal.Rptr. 775], quoting *Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 40 [124 Cal.Rptr. 852].) Mullvain does not argue that the statutory language is ambiguous or unclear. Rather, she simply asserts that the court failed to make "the necessary findings."

However, the statute does not require a statement of the court's findings of fact, and we have been presented with no other authority requiring such findings. We hold that the granting of the injunction itself necessarily implies that the trial court found that Mullvain knowingly and willfully engaged in a course of conduct that seriously alarmed, annoyed or harassed Ensworth, and that Ensworth actually suffered substantial emotional distress. No further express findings are required. In light of our holdings that (1) the lack of findings is not itself error, and (2) the evidence sufficiently

supports the statutory requirements, the judgment is presumed to be correct. (See *Jacques Interiors* v. *Petrak* (1987) 188 Cal.App.3d 1363, 1369 [234 Cal.Rptr. 44], and authorities cited there.)

### 3.  *There Was No Interference With Mullivain's Pursuit of a Business or Profession*

█  There is a fundamental right to pursue a lawful occupation. (*Townsend* v. *County of Los Angeles* (1975) 49 Cal.App.3d 263, 267 [122 Cal.Rptr. 500], citing *Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 579 [79 Cal.Rptr. 77, 456 P.2d 645, 38 A.L.R.3d 1194].) There is also a fundamental right of privacy. (Cal. Const., art. I, § 1.) Indeed, the Legislature created section 527.6 to "'protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.'" (Historical Note, 15A West's Ann. Code Civ. Proc. (1979 ed.) foll. § 527.6, p. 693.)

In this case, Mullvain failed to establish that the injunction interfered with her fundamental right to pursue work. Her connection to the library near Ensworth's home was not so established that she could not do her work in another location. She was not a paid employee of the library, and she failed to show that the work she did at the library, whether research or calligraphy, could not be done elsewhere. Moreover, she testified that she had many other jobs, and it appears that none of them would be interfered with by the injunction. On the other hand, the evidence established that Ensworth needed the protection provided by section 527.6. There was no error in issuing the injunction.

### CONCLUSION

The judgment is affirmed. Costs on appeal are awarded to Ensworth.

Klein, P. J., and Danielson, J., concurred.