Filed 4/1/14  Farah v. Mohamud CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ASILI FARAH, | D062585 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2012-00096805-CU-HR-CTL) |
| STARLIN MOHAMUD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Leo Valentine, Jr., Judge.  Affirmed.

Starlin Mohamud, in pro. per., for Defendant and Appellant.

Asili Farah, in pro. per., for Plaintiff and Respondent.

Istarlin Mohamed, also known as Starlin Mohamud, appeals a civil harassment restraining order that prohibits her from harassing Asili Farah and her family members. On appeal, Mohamud contends the trial court erred by issuing the restraining order because: (1) the evidence is insufficient to support a finding that it is reasonably probable

she would harass Farah in the future; (2) the trial court applied the wrong legal standard; and (3) the trial court failed to consider the damage to her career if the restraining order was issued.  Based on our reasoning below, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2012, the trial court conducted an evidentiary hearing on Farah's request for a civil harassment restraining order against Mohamud.[1]  At the hearing, the court heard the testimony of three witnesses: Farah, Mohamud, and San Diego Police Officer Anthony Harvey.  Following arguments by the parties' counsel, the court issued a civil harassment restraining order (Order) prohibiting Mohamud from, in general, harassing Farah, her husband, and their seven children.[2]

Mohamud filed a motion for reconsideration.  At the August 6, 2012, hearing on that motion, the trial court heard the testimony of four witnesses.  Following arguments of Mohamud, acting in propria persona, and Farah's counsel, the court denied the motion.  On August 24, Mohamud filed a notice of appeal challenging the Order and the order denying her motion for reconsideration.[3]

---

[1]    The record on appeal does not contain a copy of Farah's request for a civil harassment restraining order.

[2]    The Order provides in part that Mohamud must not "[h]arass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the [protected] person."

[3]    On July 5, 2013, Mohamud filed a motion to take judicial notice of certain court records, take additional evidence pursuant to Code of Civil Procedure Code section 909, and consider evidence not included in the record on appeal.  We grant that motion in part and deny it in part.  We grant the motion to take judicial notice of the trial court's register

DISCUSSION

I

*Motion to Dismiss*

Farah asserts Mohamud's appeal should be dismissed because her August 24, 2012, notice of appeal was untimely filed. She argues that because Mohamud's motion for reconsideration was untimely filed, that motion did not extend the time for filing her notice of appeal beyond the 60-day period after the date of issuance of the Order (i.e., 60 days after June 6, 2012).

A

California Rules of Court, rule 8.104(a)[4] provides the time period within which a notice of appeal must be filed, stating in part:

> "(1) Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of:

of actions in this case. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) We deny the motion to take judicial notice of a copy of Mohamud's motion for reconsideration purportedly bearing a file-stamp date of June 18, 2012, because that copy is not identical to the motion contained in the clerk's transcript and does not bear Mohamud's signature. We deny the motion to take judicial notice of Jeanette Rivera's letter dated May 19, 2012, because it does not qualify for judicial notice under Evidence Code sections 451, 452, or 459. Furthermore, we decline to consider that letter in deciding this appeal because the record on appeal does not show it was admitted into evidence by the trial court at either the June 6, 2012, hearing or the August 6, 2012, hearing in this case. Finally, we deny Mohamud's motions to take additional evidence and make independent factual findings on appeal. Under the applicable standard of review, we must decide this appeal based on the evidence admitted at the June 6, 2012, hearing and, to a limited extent, the evidence admitted at the August 6, 2012, hearing on the motion for reconsideration.

4       All rule references are to the California Rules of Court.

3

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(C) 180 days after entry of judgment."

Rule 8.108(e) provides: "If any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party [serves] an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order."

B

The record on appeal does not show a notice of entry or file-stamped copy of the Order was served on Mohamud by the trial court clerk or Farah. Absent such service, the longer 180-day period (rather than the shorter 60-day period) after issuance of the Order is the applicable period for filing a notice of appeal. (Rule 8.104(a)(1)(C).) Nevertheless, assuming arguendo that Mohamud's personal appearance at the June 6, 2012, hearing was sufficient for service under rule 8.104(a)(1)(A) and/or Mohamud was served with a file-stamped copy of the Order at that hearing, we nevertheless would conclude Farah has not shown the 60-day period under rule 8.104(a)(1)(A) was not extended when Mohamud filed her motion for reconsideration. Where a motion for

4

reconsideration is timely filed, the period for filing a notice of appeal is extended, in general, by 30 days after the trial court clerk or other party serves on the appealing party an order denying that motion.[5] (Rule 8.108(e)(1).) Therefore, *if* Mohamud's motion for reconsideration was timely filed, the period for filing a notice of appeal would be extended by 30 days after the court clerk served on her the August 6, 2012, order denying that motion, which would make September 5, 2012, the earliest date the appeal period could end.

Farah asserts Mohamud's motion for reconsideration was untimely filed and therefore the extended appeal period under rule 8.108(e) does not apply. However, that assertion is conclusory and not supported by the record on appeal. The copy of the motion for reconsideration in the clerk's transcript does not bear any file stamp showing the date of its filing. Rather, it shows only that Mohamud purportedly signed the motion on "*July* 12, 2012." (Italics added.) That July date apparently was a typographical error.

The trial court's register of actions in this case, of which we have taken judicial notice, shows entries indicating it is likely Mohamud's motion for reconsideration was filed on June 12, 2012. The register of actions shows that on June 12, 2012, a motion hearing was scheduled for July 12, 2012. The register of actions shows that Mohamud's motion for reconsideration was the only motion filed after issuance of the Order on June 6, 2012. That information supports a reasonable inference that the motion to which the

---

5      However, if earlier than that 30-day period, the applicable period will be the earlier of 90 days after the motion to reconsider was filed or 180 days after issuance of the appealable order. (Rule 8.108(e).)

June 12, 2012, entry referred was Mohamud's motion for reconsideration. We presume a hearing would not have been scheduled for that motion absent Mohamud's filing of the motion. Therefore, we infer that Mohamud's motion was filed on June 12, 2012, within the 10-day time period for filing a motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a).[6] Furthermore, had Mohamud's motion for reconsideration been untimely filed, we would have expected the trial court and/or Farah's counsel to have discussed that fact and objected to the motion based on the court's lack of jurisdiction to consider it. The record on appeal does not show any such discussion or objection. Because Farah has not shown Mohamud's motion for reconsideration was untimely filed or otherwise invalid, the period for filing her (Mohamud's) notice of appeal was extended until 30 days after the trial court denied her motion.[7] Because Mohamud filed it before September 5, 2012, her notice of appeal was timely filed. We deny Farah's motion to dismiss the appeal.

---

[6] All further statutory references are to the Code of Civil Procedure.

[7] The fact the register of actions shows the filing date of Mohamud's motion for reconsideration was June 18, 2012, (which date was more than 10 days after issuance of the Order) does not conclusively show that motion was untimely filed. First, the motion for reconsideration contained in the clerk's transcript does not bear a file stamp indicating its date of filing. Second, the June 18, 2012, date shown in the register of actions for filing of the motion for reconsideration is contradicted by the June 12, 2012, date it shows for the scheduling of the hearing on Mohamud's motion, as discussed above. Based on this record, we cannot conclude Mohamud's motion was untimely filed.

## II

### *Civil Harassment Restraining Orders Generally*

The Legislature enacted Code of Civil Procedure section 527.6 to protect an individual's state constitutional right to pursue safety, happiness, and privacy. (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1113.) Under section 527.6, a court is authorized to issue an injunction or protective order against a person who has engaged in harassment. (§ 527.6, subd. (a); *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188-189.) "Harassment" is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) A "course of conduct" is a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual . . . ." (§ 527.6, subd. (b)(1).)

The purpose of section 527.6 is to prevent future harm to the applicant by ordering the respondent to refrain from doing a particular act. (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1266.) For a section 527.6 protective order to be issued, the trial court must find by clear and convincing evidence that unlawful harassment exists. (§ 527.6, subd. (i).) If the trial court finds clear and convincing evidence, the court's order issuing a civil harassment restraining order will not be reversed on appeal absent a showing of a clear abuse of

7

discretion.  (See *Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904, 912;

*Ensworth v. Mullvain*, *supra*, 224 Cal.App.3d at p. 1111, fn. 2.)

On appeal, when considering a claim that the evidence is insufficient to support

the court's issuance of a section 526.7 restraining order, "[w]e resolve all factual conflicts

and questions of credibility in favor of the prevailing party and indulge in all legitimate

and reasonable inferences to uphold the finding of the trial court if it is supported by

substantial evidence which is reasonable, credible and of solid value."  (*Schild v. Rubin*

(1991) 232 Cal.App.3d 755, 762.)  If the trial court's ruling does not expressly decide a

particular factual issue, we are required to imply findings sufficient to support the court's

ruling.  (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)  It is not our

function on appeal to reweigh the evidence or make credibility or factual findings

contrary to those of the trial court.  (*Howard v. Owens Corning* (1999) 72 Cal.App.4th

621, 630-631.)

### III

### *Mohamud's Contentions*

Mohamud contends the Order must be reversed because: (1) there is insufficient

evidence to support a finding that it is reasonably probable she would harass Farah in the

future; (2) the trial court applied the wrong legal standard; and (3) the trial court failed to

consider the damage to her career if the restraining order was issued.

### A

At the June 6, 2012, hearing on Farah's section 527.6 request for a civil

harassment restraining order against Mohamud, the trial court heard the testimony of

8

three witnesses--Farah, Mohamud, and Officer Harvey. In general, Farah testified that Mohamud "harassed" her in November 2011, and Mohamud (and Mohamud's mother and sister) thereafter followed her "all the time" and took photographs. Farah testified: "[Mohamud] follow[s] me. . . . [¶] . . . [¶] She take[s] [photographs] all the time. When she see[s] where we are at, she follow[s] me and she take[s] the pictures, her mom and her sister and her. My kids [were] there. She scare[s] my kids. [She even] come[s] in [sic] my home."[8] Farah further testified she feared for her safety in particular based on a May 7, 2012, incident during which, as Mohamud admitted to police, she (Mohamud) deliberately backed into and struck Farah's car, which was parked in front of Farah's house.

Officer Harvey testified he spoke with Mohamud about the May 7, 2012, incident. Mohamud admitted to him she filed a false police report regarding that incident. Mohamud admitted she drove to Farah's house, purposely backed into Farah's car, and then filed a false police report, which apparently alleged a "hit and run" violation against Farah. Mohamud explained to him that she wanted police to go to Farah's home and scare her into leaving Mohamud alone. Harvey testified that Mohamud admitted she knew she was making a false accusation against Farah at the time she told him that Farah had "hit and run" her car. Mohamud admitted to him that she deliberately damaged

---

[8]     Based on our reading of the hearing testimony as a whole, we believe Farah intended to state that Mohamud "came to" her home on May 7, 2012, when she (Mohamud) backed into her car.

9

Farah's car. After Mohamud's admission, Harvey told Farah about his conversation with Mohamud.

Mohamud testified her conflict with Farah began in November 2011 at the school Mohamud's siblings and Farah's children attended when, according to Mohamud, Farah and her children were harassing Mohamud's siblings. She spoke with the school principal to prevent future conflict at the school. Mohamud admitted she called Child Protective Services to report Farah for suspected neglect or abuse of her (Farah's) children. Mohamud testified that on May 7, 2012, Farah was following her in her car. Mohamud was able to lose her, but on her (Mohamud's) way home she stopped at Farah's house to tell her to stop following her. Mohamud testified she accidently backed into Farah's car, panicked, and then left the scene. She later called the police to file the "hit and run" report. Mohamud also testified regarding a May 8, 2012, incident during which Farah and her husband purportedly assaulted her in front of Mohamud's mailbox.

Following arguments of counsel, the trial court found "there is clear and convincing evidence against [Mohamud] and the court grants an injunction against her." The court then stated the terms of the injunction and issued the Order. The court denied Mohamud's request for a temporary or permanent injunction against Farah, finding a lack of clear and convincing evidence for it.

Mohamud filed a motion for reconsideration of the Order. She argued Farah's June 6, 2012, testimony was not credible. Considering the evidence admitted at the initial hearing on June 6, 2012, and at the hearing on the motion for reconsideration on August 6, 2012, the trial court denied the motion for reconsideration. In so doing, the

court noted "the [negative] professional impact" the Order has on Mohamud, but stated that impact was not a basis on which to deny Farah's request for a restraining order.

B

Applying the substantial evidence standard of review, we conclude, based on our review of the entire record, there is substantial evidence to support the Order and the trial court's implied finding that it is reasonably probable Mohamud would harass Farah in the future. Contrary to Mohamud's assertion, the record does not show there was only a single incident and no course of harassing conduct against Farah. Mohamud admitted she backed into Farah's car and falsely filed a police report alleging a "hit and run" violation against her. Although Mohamud testified that collision was an accident, Officer Harvey testified Mohamud admitted to him that she deliberately backed into Farah's car and then filed a false police report against her. Because we consider the evidence and inferences favorably to support the Order, the trial court properly found the testimony of Officer Harvey (and Farah) more credible than that of Mohamud. Accordingly, the evidence supports a finding that Mohamud deliberately backed into Farah's car and filed a false police report against her. That incident constituted "harassment" under section 527.6.

Although such a single incident of harassment may be sufficient, by itself, for a section 527.6 restraining order, the record also contains evidence supporting the trial court's implied finding that there was a course of conduct within the meaning of section

11

527.6 showing a threat of future harassment or harm.[9]  Farah testified at the June 6, 2012, hearing that Mohamud harassed her in November 2011 and thereafter followed her all the time and took photographs of her.  Farah also testified Mohamud came to her home. Farah testified she feared for her safety based on the May 7, 2012, incident during which Mohamud deliberately backed into and struck her car in front of her house.  Based on that testimony and other evidence, the trial court could reasonably conclude, by clear and convincing evidence, that Mohamud had engaged in a knowing and willful course of conduct over a period of time, including the May 7, 2012, incident, showing a continuity of purpose to harass Farah within the meaning of section 527.6.  The court could further reasonably find, by clear and convincing evidence, that conduct would cause a reasonable person substantial emotional distress and to fear for his or her safety or the safety of his or her family and actually did cause Farah substantial emotional distress and to have such fear.  Therefore, there is substantial evidence to support the trial court's implied finding there was a reasonable probability Mohamud would harass Farah in the future, and therefore the Order was necessary to prevent such harassment.  To the extent Mohamud cites evidence that would have supported a contrary finding by the trial court, she misconstrues and/or misapplies the substantial evidence standard of review.  There is substantial evidence to support the Order.

---

9    *Russell v. Douvan* (2003) 112 Cal.App.4th 399, 404, stated: "There may well be cases in which the circumstances surrounding a single act of violence may support a conclusion that future harm is highly probable."  For purposes of this appeal, we need not, and do not, decide whether the May 7, 2012, incident, by itself, would be sufficient evidence to support the Order.

C

Mohamud also asserts the trial court applied the wrong legal standard in deciding

Farah's request for a section 527.6 restraining order. However, on appeal we presume the

Order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is Mohamud's

burden to affirmatively show the trial court erred. In arguing the trial court applied the

wrong legal standard, Mohamud asserts, without supporting citation to the record, the

court erred by relying on the single May 7, 2012, incident as support for the Order.

However, the premise of her argument is faulty. Our review of the record does not

support her assertion that the court relied only on the May 7, 2012, incident in issuing the

Order. Rather, we presume the trial court considered all the evidence, including the

May 7, 2012, incident and the entire course of conduct beginning in November 2011, as

discussed above, in finding there was a course of harassing conduct by Mohamud that

supported the court's issuance of the Order. Mohamud has not carried her burden on

appeal to show the trial court applied the wrong legal standard.[10]

Mohamud also appears to argue the trial court erred by wrongly weighing the

credibility of the witnesses and giving too much weight to Farah's testimony. However,

it is not our function on appeal to reweigh the evidence or judge the credibility of

witnesses. Furthermore, there is nothing in the record on appeal showing Farah's

---

[10]    In any event, Mohamud does not show a single incident could never be sufficient for issuance of a section 527.6 restraining order. As we noted above, *Russell v. Douvan*, *supra*, 112 Cal.App.4th at p. 404, stated: "There may well be cases in which the circumstances surrounding a single act of violence may support a conclusion that future harm is highly probable."

testimony was inherently incredible and could not reasonably provide a basis, at least in part, for the Order.

D

Mohamud finally argues the trial court should have considered the adverse impact the Order would have on her professional career as a juvenile counselor in deciding whether to issue the Order. However, she does not cite, nor are we aware of, any case or other authority showing such impact is a factor that a trial court may or must consider in deciding whether to issue a section 527.6 restraining order. She has failed to carry her burden on appeal to show the trial court prejudicially erred by not considering the impact of the Order on her professional career.[11]

E

We conclude Mohamud has not carried her burden on appeal to show the evidence is insufficient to support the Order or that the trial court abused its discretion or otherwise prejudicially erred in issuing the Order. Because Mohamud presents no substantive legal or factual analysis showing the trial court abused its discretion by denying her motion for reconsideration, we also conclude she has not carried her burden on appeal to show the court erred by denying that motion.

At oral argument, Mohamud argued that because she has moved out of the area and would not have the opportunity for any further contact with Farah or her family, the

_____

[11]    In any event, the trial court noted the impact on Mohamud's profession when it denied her motion for reconsideration. However, it properly concluded that applicable law does not allow a trial court to consider that impact in deciding whether to issue a section 527.6 restraining order.

14

Order is no longer appropriate or necessary and therefore this court should issue an order vacating the Order.  Assuming the Order is no longer required, this argument should be presented to the trial court for consideration.

DISPOSITION

The order is affirmed.  Farah is entitled to costs on appeal.



McDONALD, J.

WE CONCUR:


NARES, Acting P. J.


HALLER, J.