Filed 8/20/14  Donaldson v. Ojaroodi CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CHARLES O. DONALDSON, JR., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MOHAMMAD OJAROODI, <br><br> Defendant and Appellant. | B251472 <br><br> (Los Angeles County <br> Super. Ct. No. VS023783) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Charles O. Donaldson, Jr., in pro. per., for Plaintiff and Respondent.

Mohammed Ojaroodi, in pro. per., for Defendant and Appellant.

_____

Appellant Mohammed Ojaroodi appeals from the entry of a civil restraining order against him in favor of his neighbor. Finding no grounds for reversal, we affirm.

## FACTUAL AND PRODCEDURAL SUMMARY

Appellant Ojaroodi and his neighbor respondent Charles Donaldson, Jr. have been in a dispute for some years, culminating in Donaldson's request for a temporary restraining order in 2012. After a series of continuances while related criminal charges proceeded, the restraining order came on for hearing on August 8, 2013.

Donaldson testified that Ojaroodi had thrown gasoline on Donaldson's door, had threatened him and his wife, and threatened to shoot him. Donaldson asserted he was in fear for his life, and that of his wife and grandchildren. Donaldson also testified that Ojaroodi had sprayed water on him and his wife and called him offensive names.

Ojaroodi was represented by counsel at the hearing. Counsel asserted the dispute concerned cigarette smoke coming from Donaldson's garage onto Ojaroodi's property, and denied the allegations of threats and use of gasoline. Ojaroodi testified that he had not made the threat asserted by Donaldson, but instead had tried to work out a solution for the smoke. He also denied putting gasoline on the door.

The court indicated its intention to grant the restraining order, at which point Ojaroodi asked to bring to the court's attention a conflict in the statements in the police report; his counsel made no request. The court made no ruling on the issue, and, after the parties discussed the terms of the order, issued an order with a term of three years. Ojaroodi timely appealed.

## DISCUSSION

On appeal, Ojaroodi, representing himself, argues that the trial court erred because it: failed to issue a statement of decision; granted the order without sufficient evidence; and refused to consider impeachment evidence.

2

1. Standard of Review

We review the trial court's decision to determine whether there is sufficient evidence to support the ruling; "we review the evidence before the court in accordance with the customary rules of appellate review. We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

2. Statement of Decision

Code of Civil Procedure, Section 632,[1] requires the court to issue a statement of decision, explaining the basis for its decision, when requested by a party appearing at the trial. In a case such as this, where the trial was concluded within one calendar day, the request must be made prior to the submission of the matter for decision.[2]

The record of this proceeding does not indicate any request by counsel for Ojaroodi, or by Ojaroodi himself, for a statement of decision. Accordingly, the court did not err.

_____

[1] All further statutory references, unless otherwise noted, are to the Code of Civil Procedure.

[2] "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested the statement, any party may make proposals as to the content of the statement of decision. [¶] The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties."

3. Sufficiency of the Evidence

Section 527.6 provides three grounds for possible relief: unlawful violence (527.6, subd. (b)(1)); a credible threat of violence (527.6, subd. (b)(2)); or harassment (527.6, subd. (b)(3)). Although the court did not indicate in its ruling the ground on which it based its decision, the testimony of Donaldson, which the trial court believed, pointed most directly to a finding of a credible threat of violence.

This ground requires clear and convincing evidence of a "knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose." (527.6, subd. (b)(3).) Here, there was sufficient evidence of a threat to kill, which placed Donaldson in fear of his own safety as well as that of his family. (See, e.g., *USS-Posco Industries v. Edwards* (2003) 111 Cal.App.4th 436 [party told co-workers he had a gun and would kill them].) Moreover, Donaldson also testified that gasoline had been placed on his door, raising a reasonable fear of explosion. Taken together, and resolving all credibility questions in favor of the prevailing party, as we must, this evidence is sufficient to support the order.

4. Impeachment Evidence

Ojaroodi asserts the court erred in excluding prior inconsistent statements by Donaldson contained in a police report. While the court is required to receive relevant testimony, and to give a party charged with harassment the opportunity to present his or her case (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1110), the party seeking to introduce evidence must object to its exclusion and make known to the trial court the substance of the excluded evidence, along with its relevance. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1086.)

Here, the record is silent. Ojaroodi's counsel did not request cross-examination of Donaldson, nor did he request that the court consider statements in the police report in any manner. While Ojaroodi himself suggested there was a conflict in the statements, counsel did not proffer the report or indicate what those conflicting statements were. The

4

record on appeal does not contain the police report, or any information pertaining to it. As a result, not only did Ojaroodi fail to adequately raise the issue at the trial court, he has failed to provide any basis for us to determine whether the evidence was relevant impeachment.

## DISPOSITION

The issuance of the restraining order is affirmed.  Respondent is to recover his costs on appeal.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

5