Filed 1/25/16  Gong v. Mantovani CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LINNEA GONG,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANS MANTOVANI,<br><br>    Defendant and Appellant. | B260502<br><br>(Los Angeles County<br>Super. Ct. No. GS015613) |

APPEAL from an order of the Superior Court of Los Angeles County, Mary Thornton House, Judge.  Affirmed.

Linnea Gong, in pro. per., for Plaintiff and Respondent.

Hoglin & Fuqua and Christopher L. Hoglin for Defendant and Appellant.

—————————

Defendant and appellant Frans Mantovani (Mantovani) appeals a civil harassment restraining order after hearing (Code Civ. Proc., § 527.6) obtained by plaintiff and respondent Linnea Gong (Gong).[1] [2]

Mantovani attacks the sufficiency of the evidence to support the order. He contends his conduct did not rise to the level warranting the issuance of a restraining order, and that the trial court erred in granting a restraining order in the absence of any showing by Gong that she suffered significant emotional distress.

We reject Mantovani's challenges to the sufficiency of the evidence and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2014, Gong filed a petition for a civil harassment restraining order against Mantovani. (The clerk's transcript does not include a copy of the petition).

On September 11, 2014, the matter came on for hearing. Both Gong and Mantovani testified. The evidence showed:

Mantovani lives directly across the street from Gong. The harassment began when Gong parked her car in front of his house. He would shout profanities at her, such as " 'Fuck you, bitch,' " and was constantly saying, " 'I am going to get you. You'll see. You're going to get it.' "

The most recent incident was on August 11, 2014. Mantovani came onto Gong's driveway and started screaming at her while her truck was parked in her own driveway. He displayed his fist and screamed " 'Fucken bitch, you'll see.' " He held a shiny metal object in his hand, but Gong could not see it clearly because she had retreated indoors and was peering through her wrought iron gate door.

In addition, for the past year, Mantovani constantly photographed and videotaped Gong as well as her family and friends, sometimes standing in his driveway to do so.

---

[1]     All further statutory references are to the Code of Civil Procedure.

[2]     The section 527.6 restraining order is appealable as an order granting an injunction. (§ 904.1, subd. (a)(6); *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187.)

2

Gong testified, "I am so afraid of him, I can't even open my blinds. I never open my windows. I seal my windows with aluminum foil so no one can look in, and I can't even look out. The only way I can look out is through my front door. That's it."

After hearing the matter, the trial court found by clear and convincing evidence that a restraining order was warranted. The court issued a three-year restraining order against Mantovani, requiring him, inter alia, to stay at least 30 yards away from Gong's person, home, and driveway.

This appeal followed.

## CONTENTIONS

Mantovani contends: His conduct did not rise to the level of a knowing and willful course of conduct directed at a person that seriously alarmed, annoyed, or harassed the petitioner within the meaning of section 527.6; and Gong made no showing of having suffered any significant emotional distress as required under the statute.

## DISCUSSION

1. *General principles*.

    a. *The pertinent statute*.

A person who has suffered harassment may obtain an order prohibiting harassment. (§ 527.6, subd. (a)(1).)

Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)

Course of conduct means "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means . . . ." (§ 527.6, subd. (b)(1).)

If the "judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (*i*).)

      b. *Standard of appellate review*.

"The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137-1138 [injunctions under section 527.6 are reviewed to determine whether factual findings are supported by substantial evidence; trial court's determination of controverted facts will not be disturbed on appeal].) But whether the facts, when construed most favorably in [petitioner's] favor, are legally sufficient to constitute civil harassment under section 527.6 . . . [is] subject to de novo review. [Citations.]" (*R.D. v. P.M.*, *supra*, 202 Cal.App.4th at p. 188, fn. omitted.)

      2. *Substantial evidence supports trial court's grant of restraining order*.

      a. *Harassing course of conduct*

The course of conduct must be ongoing at the time the injunction is sought, as "a single incident of harassment does not constitute a course of conduct entitling the applicant to injunctive relief." (*Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 333.) Mantovani argues Gong merely testified to *one* incident in which he came onto her property, yelled at her and threatened her -- all the other incidents consisted of the parties "yelling back and forth, from across the street."

Mantovani's characterization of the evidence is unpersuasive. In addition to the August 11, 2014 incident in which Mantovani came onto Gong's property and threatened her while holding a shiny metal object, the evidence showed that for the past year, Mantovani had repeatedly shouted profanities at Gong, had threatened her, and had subjected her to being photographed and videotaped while she was on her own property. On this record, we reject Mantovani's attempt to depict what occurred on August 11, 2014 as an isolated incident.

4

b. *Emotional distress*.

To entitle a petitioner to a restraining order, the course of conduct complained of "must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) Mantovani contends Gong failed to show she suffered *any* emotional distress, let alone significant emotional distress. The argument is unavailing.

As a preliminary matter, direct oral testimony of a petitioner's emotional distress is not required and relevant circumstantial testimony will suffice. (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1110 (*Ensworth*).) In *Ensworth*, a psychologist obtained a restraining order against further harassment by a former patient. Although the petitioner did not directly testify regarding the emotional distress she suffered as a consequence of the harassment, "the record contain[ed] sufficient evidence of Mullvain's harassment of Ensworth to allow the trial court to draw the conclusion that Ensworth indeed had suffered substantial emotional distress. Ensworth told of being followed and spied upon, and of receiving repeated phone calls and threatening letters from Mullvain, one of which alluded to committing suicide in Ensworth's presence. Moreover, Ensworth stated in her declaration in support of the petition for the injunction that Mullvain's harassment caused Ensworth 'significant emotional distress.' We find the record contains sufficient evidence that Mullvain caused Ensworth actual emotional distress. Her *direct* testimony on that point would have been cumulative and was not required." (*Ensworth*, *supra*, at pp. 1110-1111, fn. omitted.)

In the instant case, the record contains substantial evidence of Mantovani's harassing course of conduct and its impact on Gong. As indicated, Gong testified, "I am so afraid of him, I can't even open my blinds. I never open my windows. I seal my windows with aluminum foil so no one can look in, and I can't even look out. The only way I can look out is through my front door."

Given this testimony, there is no merit to Mantovani's contention there was insufficient evidence that he caused Gong to suffer significant emotional distress.

5

**DISPOSITION**

The civil harassment restraining order is affirmed.  Gong shall recover her costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EDMON, P. J.


We concur:



        LAVIN, J.



        JONES, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.