Filed 5/2/25  Jeffries v. Jadallah CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

---

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

---

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CHAIYA JEFFRIES, | B334232 |
| Respondent and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 23TRRO00860 |
| HAYA JADALLAH, | |
| Petitioner and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alfred A. Coletta, Judge.  Affirmed.

Kings Justice Law and Stephen A. King for Respondent and Appellant.

No appearance for Petitioner and Respondent.

_____

Chaiya Jeffries appeals the trial court's order granting the request for a civil harassment order Haya Jadallah filed against

her.  We affirm.  Statutory citations are to the Code of Civil Procedure.

The events leading to this appeal began around 11:30 p.m. at a Santa Monica bar in September 2023.   Jeffries and Jadallah, who know each other from the same sorority house and attend school together, accidentally bumped into each other.  When Jadallah turned around to apologize, Jeffries slapped Jadallah's phone and drink out of her hand and walked away.

About ten minutes later, Jadallah went to the bar to get another drink and noticed Jeffries.  Jeffries had been to Jadallah's house before and they had mutual friends, so Jadallah did not want to be on bad terms with her.  Jadallah again tried to apologize to Jeffries for the bump, and Jeffries responded by rolling her eyes and sticking out her tongue.  When Jadallah asked Jeffries why she had an issue with her, Jeffries punched her in the face twice.  Jadallah fell backwards and attempted to leave, but Jeffries grabbed her arm and yelled that she was not done with Jadallah yet.

Someone pulled Jeffries off Jadallah.  As Jadallah was trying to leave with her friend Charlotte Glen, the people who worked at the bar approached her, asking why she was crying and why her lip was bleeding.  Jadallah, fearing retaliation from Jeffries, was hesitant to tell the bar employees who had attacked her.  However, Glen showed the employees a photo of Jeffries.  The employees then removed Jeffries from the bar.

The following weekend, Jadallah saw Jeffries, and Jeffries "got in [Jadallah's] face with her middle finger" and yelled that she was sorry, but in a mocking tone.

A few days later, Jadallah filed a request for a civil harassment restraining order against Jeffries.  In her request,

Jadallah wrote that she had a black eye, cuts on her arm, and a bloody lip as a result of Jeffries' harassment.

At the hearing on Jadallah's request, the trial court heard testimony from Jadallah, Jeffries, and Glen. Glen testified in support of Jadallah. The court found Jadallah and Glen to be credible, and granted Jadallah's request for a restraining order against Jeffries until October 2026.

Jeffries appealed, arguing the trial court erred because there was insufficient evidence of harassment or future harm to sustain a restraining order against her under section 527.6. We deferentially review the trial court's decision to grant a restraining order under section 527.6. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.) And we defer to the court's assessment of witness credibility. (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011–1012.) We find no error here.

Section 527.6(b)(3) defines "harassment" as "unlawful violence . . . that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." It further clarifies that "[t]he course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)

Substantial evidence supports the trial court's findings that Jeffries harassed Jadallah within the meaning of the statute, Jeffries' conduct would cause a reasonable person to suffer emotional distress, and Jeffries' conduct actually caused substantial emotional distress to Jadallah. Jadallah, corroborated by Glen, credibly testified that Jeffries punched her twice in the face, for no reason. This is unlawful violence within

3

the meaning of section 527.6(b)(3). (See § 527.6(b)(7) [defining "unlawful violence" as "any assault or battery"].)

Citing *Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1108 (*Ensworth*), Jeffries contends her conduct fell short of section 527.6(b)(3)'s requirement that the harassment be that which would cause a reasonable person to suffer substantial emotional distress. In *Ensworth*, the plaintiff testified the defendant followed her, stopped her car, circled her office building, kept her house under surveillance, sent threatening letters, and tried to harm her professional reputation. (*Ensworth*, 224 Cal.App.3d at p. 1108.) The *Ensworth* court found, "as a matter of law, that it is reasonably probable that such harassment would cause anyone emotional distress." (*Ibid.* at p. 1112.) Jeffries argues the evidence in the record "falls far short" of the standard in *Ensworth* and that Jadallah did not actually testify to suffering substantial emotional distress.

We reject Jeffries' arguments. Conduct need not be as extreme as what the defendant in *Ensworth* did for us to find that it would cause a reasonable person to suffer substantial emotional distress. Drawing all reasonable inferences in favor of the trial court's order, we agree with the trial court's finding that Jeffries' conduct towards Jadallah "would cause a reasonable person to suffer substantial emotional distress." (§ 527.6, subd. (b)(3).) The trial court likewise properly inferred that Jadallah had in fact suffered substantial emotional distress from its assessment of the parties' testimony and credibility, along with the nature of Jeffries' harassing conduct. (See *E.G. v. M.L.* (2024) 105 Cal.App.5th 688, 704–705 [affirming trial court's finding that the defendant did actually cause the plaintiff substantial

emotional distress "from the nature of the harassing conduct" and "the demeanor of witnesses and their manner of testifying."])

Finally, Jeffries claims there was no evidence that harassment is likely to recur in the future. But the record belies Jeffries' claim—Jadallah testified that she attends school with Jeffries, is in the same sorority house as Jeffries, and that Jeffries mocked her the weekend after the incident at the bar. This evidence is sufficient to support the court's finding that future harm to Jadallah would be likely to recur without an injunction. (See *Russell v. Douvan* (2003) 112 Cal.App.4th 399, 404.) The court did not err in making this finding.

## DISPOSITION

We affirm and award costs to Jadallah.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.

5