Filed 6/23/25  Castaneda v. Alarcon CA2/7

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ARACELI CASTANEDA, | B339532 |
| Petitioner and Respondent, | (Los Angeles County Super. Ct. No. 24CHRO00752) |
| v. | |
| VIVIAN ALARCON, | |
| Respondent and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brett Johnston, Temporary Judge.  Affirmed.

Vivian Alarcon, in pro. per., for Respondent and Appellant.

No appearance for Petitioner and Respondent.

_____

Vivian Alarcon appeals from a civil harassment restraining order protecting Araceli Castaneda (the girlfriend of Alarcon's estranged husband) and Castaneda's children and requiring

Alarcon to stay 100 yards away from Castaneda and her children, as well as their homes and workplaces. Castaneda requested the civil harassment restraining order based on Alarcon's alleged conduct spanning more than three years, including frequent telephone calls and emails to Castaneda's home and office, vandalism of Castaneda's car, and texting sexually explicit photographs of herself to Castaneda. Alarcon contends Castaneda's claims were previously litigated, and therefore they are barred by res judicata (claim preclusion). She also argues there was insufficient evidence to support a finding of civil harassment pursuant to Code of Civil Procedure section 527.6.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2024 Castaneda filed a request for civil harassment restraining order (request for restraining order) against Alarcon prohibiting Alarcon from contacting or harassing Castaneda, her boyfriend Jose Alarcon (Jose), her adult son, and her two teenage daughters.[2] In an attachment to her request, Castaneda stated Alarcon "is constantly sending me emails to my work and personal email, txt me nonstop no matter how many times I tell her to stop. . . . She is constantly calling my supervisors to complain about me to try to get me in trouble. I

---

[1]    Further statutory references are to the Code of Civil Procedure.

[2]    On our own motion, we augment the record to include Castaneda's request for civil harassment restraining order filed in the superior court on April 18, 2024 and the civil harassment restraining order after hearing filed on June 26, 2024. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

2

don't have peace at home or at work. She harasses me day and night. I can't sleep and I don't feel safe anywhere." Castaneda said she was forced to move three times and had to change her email and phone number multiple times in an effort to avoid Alarcon. Castaneda also stated Alarcon put a tracker on her car, vandalized her car, sent police to her brother's home while Castaneda was visiting him, and texted sexually explicit photographs of herself to Castaneda.

Castaneda attached to her request numerous emails, text messages, photographs, and police reports allegedly supporting her request, all but one of which appear to be from late 2022, 2023, or 2024.[3] In one email dated October 9, 2022, Alarcon admitted she had placed a tracker in Castaneda's car but asserted Jose asked her to do it because he did not trust Castaneda. Alarcon also accused Castaneda of making false allegations against her and ruining Alarcon and Jose's marriage.[4]

The trial court held a hearing on Castaneda's request for restraining order on June 26, 2024.[5] Castaneda and Alarcon

---

[3] The only incident prior to September 2022 occurred on June 6, 2022 when, according to Castaneda, Alarcon knocked on her door "nonstop." The request attached a photograph showing a woman at Casteneda's front door.

[4] Although it is not clear from the sender's email address who sent the email, Castaneda stated in the attachment to her request for restraining order that it was Alarcon. Further, in her opening brief Alarcon acknowledges she testified at the hearing that she helped Jose install a tracker on Castaneda's car at his request.

[5] The docket reflects that Alarcon did not file a response to Castaneda's request for restraining order. A court reporter was

3

testified.  The court granted Castaneda's request for restraining order for a one-year period expiring on June 26, 2025.  The civil harassment restraining order protects Castaneda, her son, and her two daughters and prevents Alarcon from coming within 100 yards of them, their home, and their workplaces.  The order also prohibits Alarcon from contacting Castaneda and her children, including by telephone, email, and text message.

Alarcon timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*

Under section 527.6, subdivision (a)(1), "[a] person who has suffered harassment . . . may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section."  Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (§ 527.6, subd. (b)(3).)  A "[c]ourse of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail,

---

present for the June 26, 2024 hearing, but Alarcon did not designate the reporter's transcript for inclusion in the record on appeal, nor did she file a settled statement pursuant to California Rules of Court, rule 8.120(b) setting forth what happened at the hearing.

4

facsimile, or email." (*Id.*, subd. (b)(1).) "If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (*Id.*, subd. (i).)

"The statute does not require the court to make a specific finding on the record that harassment exists, nor does it require specific findings of the statutory elements of harassment as defined in subdivision (b)." (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1112, disapproved on other grounds in *Conservatorship of O.B.* (2020) 9 Cal. 5th 989, 1003, fn. 4, 1010, fn. 7 (*O.B.*); accord, *Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 92.) "[T]he trial court's decision granting the initial restraining order 'necessarily implies that the trial court found that [the respondent] knowingly and willfully engaged in a course of conduct that seriously alarmed, annoyed or harassed [the petitioner], and that [the petitioner] actually suffered substantial emotional distress.'" (*Cooper*, at p. 92; accord, *Ensworth*, at p. 1112.)

"We review issuance of a protective order [under section 527.6] for abuse of discretion, and the factual findings necessary to support the protective order are reviewed for substantial evidence." (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on other grounds in *O.B.*, *supra*, 9 Cal. 5th at pp. 1003, fn. 4, 1010, fn. 7.) "[W]hen presented with a challenge to the sufficiency of the evidence associated with a finding requiring clear and convincing evidence, the court must determine whether the record, viewed as a whole, contains substantial evidence from which a reasonable trier of fact could have made the finding of high probability demanded by this standard of proof." (*O.B.*, at p. 1005.) "When reviewing a finding that a fact has been proved by clear and convincing evidence, the

question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true. In conducting its review, the court must view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Id.* at pp. 1011-1012; see *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 499 [affirming grant of civil harassment restraining order, explaining that on review the court "'resolve[s] all factual conflicts and questions of credibility in favor of the prevailing party and indulge[s] in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value'"].)

"'But whether the facts, when construed most favorably in [petitioner's] favor, are legally sufficient to constitute civil harassment under section 527.6'" is a question of law we review de novo. (*Harris v. Stampolis, supra*, 248 Cal.App.4th at p. 497; accord, *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

B.    *Alarcon Has Failed To Show the Trial Court Erred in Granting the Restraining Order*

Alarcon's first contention is that Castaneda's request for restraining order was barred by the doctrine of claim preclusion because Castaneda had previously sought restraining orders "by submitting the same evidence with alleged manufactured and altered evidence." Alarcon lists four Los Angeles Superior Court case numbers that she claims "involve[] the same parties, the same claims, and the same underlying factual issues." Alarcon has not provided any analysis or citation to authority supporting

6

her contention that the prior actions preclude the claim in this case. Nor has she cited to evidence in the record showing that Castaneda relied on the same incidents and evidence in the prior cases. A review of the dockets in the cases Alarcon cites shows that two of the cases were dismissed for failure to prosecute (Super. Ct. L.A. County nos. 23VERO01035 and 23VERO01199) and the other two cases were closed after the requests for restraining orders were denied after hearings in March and July 2022 (Super. Ct. L.A. County nos. 22CHRO00264 and 22CHRO01040).

The doctrine of claim preclusion "prevents relitigation of entire causes of action. [Citations.] Claim preclusion applies only when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 326-327.) Claim preclusion does not apply here because two of the actions Alarcon cites were dismissed on procedural grounds, and therefore they were not decided on the merits. The other two actions concluded in March and July 2022, whereas all but one of the events alleged in this request for restraining order occurred in late 2022, 2023, and early 2024. Accordingly, other than the incident when Alarcon allegedly came to Castaneda's door in June 2022, this request could not have been based on the same underlying facts as the prior requests. With respect to the June 2022 incident, Alarcon does not assert Castaneda raised that incident in the prior proceedings, and thus Alarcon has not met her burden to show claim preclusion applies. (See *Vella v. Hudgins* (1977) 20 Cal.3d 251, 257 ["burden of proving that the requirements for application of res judicata have

7

been met is upon the party seeking to assert it as a bar or estoppel"].)

Alarcon's second contention is that the order granting the restraining order is not supported by substantial evidence. She argues the evidence presented was fabricated or constituted hearsay, and she did not intend to harass Castaneda. Alarcon has not met her burden on appeal.

As discussed, the granting of a restraining order implies a finding that harassing conduct occurred. (*Cooper v. Bettinger, supra*, 242 Cal.App.4th at p. 92; *Ensworth v. Mullvain, supra*, 224 Cal.App.3d at p. 1112.) Further, we must review the record in the light most favorable to the prevailing party and defer to the trial court's credibility findings. (*O.B., supra*, at p. 1011-1012.) "[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; accord, *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."'" (*Jameson*, at p. 609; accord, *Argueta v. Worldwide Flight Services, Inc.* (2023) 97 Cal.App.5th 822, 833.)

Moreover, to overcome the presumption that the trial court's order is correct, the appellant "must affirmatively establish prejudicial error by providing an adequate record, citing

8

to the record, and presenting a persuasive argument with citations to supportive legal authorities." (*LNSU#1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070; accord, *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [appellant's "burden on appeal 'includes the obligation to present *argument and legal authority* on *each point* raised'"].)

Alarcon has failed to provide a sufficient record on which we can assess her claim that the restraining order is not supported by substantial evidence. The record does not contain the reporter's transcript of the hearing or settled statement, and we therefore do not know what evidence was presented at the hearing or what arguments were made.[6] Nor has Alarcon identified the evidence she claims was fabricated or otherwise improperly admitted. Accordingly, Alarcon has not overcome the presumption of validity favoring the trial court's order. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [appeal resolved against appellants where failure to include settled statement of proceeding "make[s] it impossible for us to determine" whether trial court erred]; *Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 633, fn. 12 ["[w]hen there is no

---

[6] In her opening brief Alarcon argues Castaneda harassed Alarcon's daughter and filed false police reports against Alarcon to keep her away from Jose, even though Alarcon and Jose were continuing to have a sexual relationship. Alarcon also describes the hearing testimony of the parties, asserting that Castaneda testified to the harassment by Alarcon, but Alarcon testified in response as to why the claimed conduct was not harassment. In the absence of a reporter's transcript or settled statement, however, Alarcon's summary of the testimony is not evidence of the testimony at the hearing.

reporter's transcript and no error is evident from the face of the appellate record, we presume that the unreported trial testimony would demonstrate absence of error"]; *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9 ["if the record on appeal does not contain all of the documents or other evidence considered by the trial court, a reviewing court will 'decline to find error on a silent record, and thus infer that substantial evidence' supports the trial court's findings"].)

## DISPOSITION

The order granting Castaneda's request for a civil harassment restraining order is affirmed. Alarcon is to bear her own costs on appeal.

FEUER, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

10